Swift & Co., Appellant, v. Wreede et al., Appellees.*

(No. 1142—Decided October 30, 1959.)

Messrs. *Jenkins, Williams, Wendt, Murray & Deeg*, for appellant.

Mr. *Mark McElroy*, attorney general, for appellees.

Guernsey, J. The ultimate facts of this action are undisputed. On October 11, 1953, claimant, Maurice Wreede, an employee of Swift and Company, was delivering meat to one of Swift's customers. He had backed his truck to an open door and close to the wall of the customer's building, permitting an overhead conveyor track with meat hooks suspended therefrom to extend from the customer's building into the truck. Quarters of beef were hanging on hooks in his truck, and Wreede would unload each of them by flexing his knees slightly, placing his shoulder under the quarter, and then straightening his knees to raise the beef from the hook. He would then walk

---

*Motion to certify the record overruled, February 24, 1960.

to a hook suspended from the conveyor track and by reversing the process attach same to that hook. He had completed this process with a quarter of beef weighing from 160 to 200 pounds, but as he turned away to get another quarter the beef slipped from the conveyor hook falling to the floor of the truck. Wreede immediately stooped, picked up the quarter and replaced it on the hook. During the lifting process he felt a catch in his back. He finished his work that day but was thereafter physically unable to continue his employment. He testified that during his two years of employment he had never had occasion to lift a quarter of beef from floor level to the level of an overhead hook, and that although quarters of beef were sometimes transported on the floor of his truck they were, in such case, slid to the rear of the truck and taken on claimant's shoulder in a manner similar to that in unloading from a hook.

The claim for a compensable injury was allowed by the Industrial Commission, but its decision was appealed to the Common Pleas Court by the employer. On the trial of the appeal in the Common Pleas Court, the employer opened with opening statement, evidence, and argument. Pursuant to a special verdict of the jury the court entered judgment determining that the claimant was entitled to participate in the State Insurance Fund. It is from this judgment that the employer has appealed to this court.

The appellant employer has assigned error as follows:

"1. The court erred to the prejudice of the appellant in overruling the motion of the appellant made at the conclusion of the opening statement of counsel on behalf of the defendant-appellee, Maurice Wreede, for an order of the court to direct the jury to return a verdict in its favor.

"2. The court erred to the prejudice of the appellant in overruling its motion for an order of the court to direct the jury to return a verdict in its favor made at the conclusion of the plaintiff-appellant's testimony.

"3. The court erred to the prejudice of the appellant in overruling the motion of the plaintiff-appellant for an order of the court to direct the jury to return a verdict in its favor made at the conclusion of all of its testimony.

"4. For other errors appearing on the face of the record,

and particularly the form of the special verdict submitted to the jury to be answered by them.''

Appellant has argued these assignments of error together, and we will likewise consider them together. However, in disposing of them we are confronted with fundamental questions of procedure neither specifically raised nor mentioned by the parties but which must bear on this court's decision.

The procedure on appeal to the Common Pleas Court is governed by Section 4123.519, Revised Code (127 Ohio Laws, 898, 900), which, among other things, provides:

''The appellant shall file a petition *setting forth the basis for jurisdiction* of the court over the action, and further proceedings shall be had *in accordance with the rules of civil procedure,* * * * The court, or the jury under the instructions of the court, if a jury is demanded, *shall determine the right of the claimant to participate* or to continue to participate *in the fund* upon the evidence adduced at the hearing of such action.'' (Emphasis added.)

In construing those provisions the Supreme Court of Ohio held in the case of *State, ex rel. Federated Department Stores, Inc.,* v. *Brown,* 165 Ohio St., 521, 138 N. E. (2d), 248, that ''such appeal contemplates a new trial in the Court of Common Pleas.''

A new trial contemplates that the issue before the court shall be tried in the same order in which it should have been originally tried. The only issue before the court is the right of the claimant to participate or to continue to participate in the fund. The claimant has the affirmative of this issue and has not only the burden of proof but also the burden of initially going forward with the proof. It is the claimant's right and responsibility to open and close. In this connection we quote the following from Section 2315.01, Revised Code, setting forth rules of civil procedure in the Common Pleas Court, with emphasis added, as appropriate:

''When the jury is sworn, *unless for special reasons the court otherwise directs,* the trial shall proceed in the following order * * *:

''(A) The plaintiff concisely must state *his claim,* and briefly may state his evidence to sustain it.

"(B) The defendant must then briefly state *his defense*, and briefly may state his evidence in support of it.

"(C) *The party who would be defeated if no evidence were offered* on either side, *first, must produce his evidence*, and the adverse party must then produce his evidence.

"* * *

"(F) The parties then may submit or argue the case to the jury. The party required first to produce his evidence shall have the opening and closing argument. * * *."

When the issue is the right of the claimant to participate in the fund, the employee is the one who has the claim, the employer the defense, the employee would be defeated if no evidence were offered on either side, and the employee would normally open and close throughout the trial. This statute does give the court the right to vary this order for special reasons, but, if and when the order is varied without objection, the right or ability of the parties to prove error may also be affected. Nor does the fact that the employer herein was required by Section 4123.519, *supra*, to file a "petition" serve to alter the ordinary order of trial, for the "petition" filed in the Common Pleas Court on appeal is one in name only. There is no requirement that the petition set forth a cause of action, but the statute requires instead that it set forth the "basis for [appellate] jurisdiction of the [Common Pleas] court over the action." It has many of the characteristics of the now obsolete petition in error. Notwithstanding that the employer is required to file such a petition when it appeals, the claim or cause of action, if any, is still that of the employee.

We need not determine whether the court erred in permitting the trial to be conducted in reverse order, but we do find that the appellant employer, not having objected to the reverse order of trial, cannot now establish its claim of prejudicial error as to the rulings on the three motions mentioned in its first three assignments of error. The order in which the opening statements were made and in which the evidence was introduced makes it impractical, if not impossible, for this court to determine that prejudicial error was committed as thus assigned.

As to the fourth assignment of error, which, with excep-

tion of the reference therein to the form of the special verdict, is general, in that it pertains to any errors appearing on the face of the record, we first note that the judgment of the Common Pleas Court must be reversed in the event the injury sustained by the plaintiff was not *as a matter of law* a compensable injury.

The controlling case setting forth the law relating to compensable injuries is that of *Dripps* v. *Industrial Commission*, 165 Ohio St., 407, 135 N. E. (2d), 873, decided on July 5, 1956, wherein the Supreme Court held:

"1. The term, 'injury,' as used in the Workmen's Compensation Act, comprehends a physical or traumatic damage or harm accidental in character and as a result of external and accidental means in the sense of being the result of a sudden mishap, occurring by chance, unexpectedly and not in the usual course of events, at a particular time and place.

"2. The fact that a workman is injured by exerting more effort or being subjected to a greater strain than is customary in the performance of his work is not in and of itself sufficient to entitle such workman to participate in the State Insurance Fund; and before such participation may be had it must appear that such increased effort or strain was occasioned by some sudden mishap or unusual event."

In that claimant Wreede's injury was not intended, there can be little or no dispute that it was accidental in character, nor can it reasonably be disputed that it resulted from his "exerting more effort or being subjected to a greater strain than is customary in the performance of his work." However, we cannot apply only this language from the second paragraph of the syllabus and ignore the language of the second paragraph that the "increased effort or strain was *occasioned by some sudden mishap or unusual event*" (emphasis added) and that of the first paragraph of the syllabus that the injury must be the "*result of external and accidental means*" (emphasis added). The only sudden mishap or unusual event which occurred here was the dropping of the beef from the conveyor hook. Had it dropped on Wreede, or had he been injured by reason of unusual exertion in preventing its fall, his claim would have considerably more merit. However, the moment

the beef hit the floor all of the force of the external and accidental means had been completely expended. The sudden mishap or unusual event had come to an end. The beef could have remained on the floor of the truck for the balance of the day, or even forever, and so long as Wreede left it alone no harm would come to him. As an inert weight it had no greater potentiality or ability to cause harm to Wreede than did any other quarter of beef purposely placed on the floor of the truck, nor is Wreede any more entitled to compensation for injury resulting from his unusual exertion in lifting it from the floor than he would be entitled to compensation for injury resulting from lifting a quarter of beef purposely placed on the floor. When the beef hit the floor the chain of accidental causation was broken. Any injury thereafter occurring would be too remote in causation to be compensable by reason of the mishap. This we find as a matter of law, and we, therefore, conclude that there was error in the court's judgment prejudicial to the appellant employer.

We cannot say that we are satisfied with the foregoing conclusion, for the Workmen's Compensation Act has not by its literal terms purported to require that an injury occur in any particular manner except in the course of, and arising out of, the employment of the claimant; but the *Dripps case* is applicable to the facts of this case and we are bound by it. Nevertheless, we are pleased to note that the Legislature has recognized the compensation inequities created by the *Dripps case*, and others of similar nature, and has, effective November 2, 1959, amended the definition of a compensable injury (Section 4123.01 [C], Revised Code [128 Ohio Laws, H. B. 470]) to read as follows:

" 'Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment."

Taking this view of this case, we need not determine whether the "special verdict" was in proper form.

For the prejudicial error hereinbefore mentioned the judgment of the Court of Common Pleas is hereby reversed and this court, rendering the judgment the lower court should have

rendered, finds and adjudges that the claimant, Wreede, is not entitled to participate or continue to participate in the State Insurance Fund, and this cause is remanded to the Common Pleas Court with instructions for it to certify such judgment to the Industrial Commission for further proceedings as provided by law.

*Judgment reversed*

YOUNGER, P. J., and MIDDLETON, J., concur.