Rice, Plaintiff-Appellee, v. Olin Mathieson Chemical Corporation, Defendant-Appellant.

Ohio Appeals, Seventh District, Monroe County.

No. 372. Decided June 25, 1962.

Mr. *Charlyes D. Fogle* and Mr. *Craig Aalyson*, for plaintiff-appellee.

Mr. *Wilbur Y. Armstrong*, for defendant-appellant.

Donahue, J. Plaintiff-appellee was employed by defendant-appellant. On the day of the alleged injury, an incident, known as a spillout, occurred at appellant's plant, in which hot aluminum spilled out over the floor. When such incidents occurred, everybody turned out with bars and so forth to get the aluminum off the floor. It appears that the cooler and harder the aluminum became the harder it was to get off the floor.

Appellee claims that in prying at a piece of aluminum it gave way suddenly, causing him to slip and injure his back. The whole case revolves around the question of whether or not the sudden giving way of this particular splotch under appellee's

pressure resulted in an accidental injury, compensable as a Workmen's Compensation injury.

We are of the opinion that the cases of *Dripps* v. *Industrial Commission*, 165 Ohio St., 407, and *Swift* v. *Wreede*, 110 Ohio App., 252, are dispositive of the case in question here. These cases hold, in effect that a mere over-exertion in doing a job that you are trying to do, does not in and of itself constitute an accident resulting in a compensable injury. Many other cases in this court and elsewhere follow that rule, laid down by the Supreme Court.

In the instant case, appellee is complaining because he succeeded in doing the very thing he was trying to do. He was trying to pry the aluminum loose. It was no accident that he accomplished his purpose. Nor can we quite see that it is an accident that it came loose more quickly or suddenly than he anticipated. We find no evidence to support an accidental injury as limited by the above cases.

With this view of the case, it is unnecessary to review the other alleged errors.

The trial court should have directed a verdict in defendant-appellant's favor. Coming now to do that which the trial court should have done, the judgment of the lower court is hereby reversed and final judgment entered for defendant-appellant.

BROWN, P. J., GRIFFITH, J., concur.