MIMS, PLAINTIFF-APPELLEE, *v.* LENNOX-HALDEMAN COMPANY ET, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26776.   Decided May 28, 1964.

558

Messrs. Shapiro, Kendis & Petro, for plaintiff-appellee.

Mr. William B. Saxbe, attorney general, Mr. Robert M. Duncan and Mrs. Lillian W. Burke, assistant attorneys general, for defendant-appellant.

Per Curiam. This appeal comes to this court on questions of law from a judgment entered in the Court of Common Pleas upon a verdict of a jury finding that the plaintiff was entitled to participate in the Workmen's Compensation Fund as to heart disability that was the result of an industrial accident.

In the petition filed upon appeal to the Court of Common Pleas as required by Section 4123.519, Revised Code, plaintiff says, in part, that he was in the employ of the Lennox Halderman Company, and that while carrying a heavy board, sixteen feet in length, he accidentally struck a door frame, causing him to be thrown backward and causing a sharp pain in his back that resulted in the development of a ruptured disc; that prior to this date he had a nondisabling hypertension and arteriosclerotic heart disease and that this condition was aggravated and caused to become acute and disabling; that thereafter a claim as to both back injury and heart disability was disallowed by the Administrator of the Bureau of Workmen's Compensation; that the Regional Board of Review affirmed the Administrator's finding; that upon appeal to the Industrial Commission of Ohio the claim for back injury was allowed and the claim for heart disability disallowed.

Upon appeal to the Court of Common Pleas plaintiff prayed that a jury determine his right to participate in the Workmen's Compensation Fund.

The Administrator in his answer specifically denied that plaintiff's heart disability was caused by accidental injury and then generally denied all the allegations not specifically admitted to be true.

At the commencement of the trial, the court withdrew the issue as to the back injury from the consideration of the jury. Thereafter, the jury found the plaintiff had the right to participate in the Workmen's Compensation Fund as to his heart disability.

The defendant-appellant, Administrator of the Bureau of Workmen's Compensation, urges the following in Assignment of Error No. 1:

"The trial court erred in withdrawing from the jury the issue of whether or not plaintiff on June 15, 1960, sustained an accidental injury resulting in a ruptured disc.

"a. Plaintiff did not attempt to appeal only from the disallowance of the heart condition but appealed from the whole decision of the commission.

"b. Section 4123.519, Revised Code, provides for a trial *de novo* in the Common Pleas Court and does not authorize an appeal from only part of the Commission's decision."

Plaintiff in his notice of appeal to the Common Pleas Court states that he is appealing from the order of the Industrial Commission of Ohio. It does not refer to any portion of the order.

The petition as required to be filed in cases appealed under Section 4123.519, Revised Code, is not analogous to one filed under Code pleading statutes. According to the above statute, the petition is employed for the purpose of "setting forth the basis for the jurisdiction of the court over the action and setting forth the issues." It is said in *Swift and Company* v. *Wreede*, 110 Ohio App., 252, 168 N. E. (2d), 757:

"* * * There is no requirement that the petition set forth a cause of action, but the statute requires instead that it set forth the 'basis for (appellate) jurisdiction of the (common pleas) court over the action.' It has many of the characteristics of the now obsolete petition in error. * * *"

560

The Supreme Court in *Singer Sewing Machine Company* v. *Puckett*, 176 Ohio St., 32, held the filing of the petition for claimant under the foregoing section not to be jurisdictional, the filing of the notice of appeal with the Industrial Commission and the Court of Common Pleas being the only act needed to vest jurisdiction in the Court of Common Pleas.

A special proceeding of this type under the statute whereby a trial de novo is provided for in the Court of Common Pleas regarding the question of participation or continued participation in the Workmen's Compensation Fund cannot be paralleled with a law and fact appeal to the Court of Appeals. Statutes of this nature must be liberally construed in favor of employees seeking the benefit. Section 4123.95, Revised Code. When a claimant appeals from an order of the Industrial Commission under Section 4123.519, Revised Code, it must be presupposed that the issue decided adversely to the claimant before the Industrial Commission is the only issue before the Court of Common Pleas. To say one is appealing the portion of an order that is favorable to him defies reason. In the instant case, the only way the question of participation regarding the back injury could be adjudicated would be for the employer to take an appeal from the order of the Industrial Commission. This the employer did not do.

The claimant and employer are the only parties given the right under Section 4123.519, Revised Code, to appeal from the Industrial Commission to the Court of Common Pleas. There is no provision under this section giving the Administrator of the Bureau of Workmen's Compensation the right to such an appeal. We therefore overrule this assignment of error.

We have examined the remaining assignments of error and find none prejudicial to the rights of defendant-appellant.

The judgment, accordingly, is affirmed at defendant-appellant's costs and cause remanded to the Court of Common Pleas for certification thereof to the Industrial Commission in accordance with the provisions of Section 4123.519, Revised Code.

Exceptions. Order see journal.

KOVACHY, P. J., SILBERT and WASSERMAN, JJ., concur.