CURTIS, APPELLEE, *v.* CENTRAL FOUNDRY DIVISION, GENERAL
MOTORS CORPORATION, APPELLANT; KRAUSE, ADMINISTRATOR,
APPELLEE

[Cite as Curtis v. G. M. C. (1977),
55 Ohio App. 2d 83.]

(No. 4-77-7—Decided November 22, 1977.)

*Gallon, Kalniz & Iorio, Co., L. P. A.* and *Ms. Dorothy
B. McCrory,* for appellee.
*Messrs. Bugbee & Conkle,* and *Mr. Gregory B. Denny,*
for appellant.

GUERNSEY, J.   On March 22, 1971, Paul E. Curtis, ap-
pellee herein, sustained a lower back injury while working
for General Motors Corporation, hereinafter referred to
as GMC.   GMC, a self insurer, recognized the injury as be-
ing compensable under the Workmen's Compensation Act
and paid for chiropractic treatments, rendered to Curtis by
one Sherman Bowen, Jr., D. C., from March 24, 1971, to
July 14, 1971.

On May 4, 1972, Dr. Bowen filed a bill for further
treatments rendered in March and April of 1972. GMC re-
fused to pay this bill.   Pursuant to a hearing as to its
liability a deputy administrator of the Bureau of Work-
men's Compensation rendered on March 8, 1973, the fol-
lowing decision:

"The Administrator, upon consideration of claimant's Application to Re-Activate the Claim filed 11-9-72 and fees for chiropractic services rendered by Dr. Sherman J. Bowen, Jr. from 3-6-72 to 10-4-72 in the amount of $322.00, finds that proof of record fails to establish that the present diagnosis described as lumbo sacral sprain with intervertebral disc lesion was or is the result of or related to injury sustained in this claim; it is, therefore, ordered that the above referred to chiropractic services need not be paid by the named employer."

Curtis neither appealed from nor sought reconsideration of this order but a year later, on March 8, 1974, filed a motion with the bureau seeking payment for professional services rendered to him by Dr. Bowen subsequent to October 4, 1972. GMC again took the position that the disability being treated was not related to the industrial injury of March 22, 1971, and argued further that the March 8, 1973, order of the deputy administrator was *res judicata* of the issue depriving the bureau and the Industrial Commission of jurisdiction to change or review that finding.

On October 3, 1974, the deputy administrator rendered his decision disallowing Curtis's motion "as the matter is *res judicata*." Curtis appealed and pursuant thereto the Toledo Regional Board of Review made the following decision on January 8, 1975:

" * * * The Board, after consideration of the proof on file and the evidence adduced at the hearing, finds that the administrator's order of October 3, 1974, be vacated and held for naught, and the treatment by Dr. Sherman J. Bowen, Jr., D. C., is related to the injury recognized in this claim and the employer is ordered to pay for said treatment."

On appeal of this decision by GMC the Industrial Commission held on October 22, 1975:

" * * * Upon further consideration of all proof now on file, including the report of Dr. Ned B. Hein, dated July 1, 1974, it is ordered that the employer pay the fee bills of Dr. Sherman J. Bowen for treatment of the claimant after 10/4/72, but that the employer not be required to

pay Dr. Bowen for treatments prior to and including 10/4/72; that the order of the Toledo Regional Board of Review dated 1/8/75 be modified accordingly; that the appeal of the employer filed 1/31/75 be granted only to the matter of the payment of Dr. Bowen's fee bills prior to and including 10/4/72 and that such appeal be denied in all other respects.''

Thereafter GMC timely filed its appeal to the Court of Common Pleas of Defiance County, a motion to dismiss filed by Curtis was overruled without prejudice, another motion to dismiss was filed by Curtis on October 18, 1976, as to the appealability of the decision, and on February 25, 1977, Curtis, in effect, renewed this motion as to jurisdiction and moved in the alternative for summary judgment on the merits. The parties thereupon stipulated the facts hereinbefore stated.

On May 26, 1977, the trial court rendered its decision holding, after it found that it had jurisdiction, that the original award must still be regarded as not a final award, that GMC failed to take the necessary steps to test the medical determination and obtain a determination that Curtis had been adequately compensated so as to bar further treatment for the same injury. On June 30, 1977, summary judgment was rendered in favor of Curtis, reciting that the Court had considered the pleadings, the stipulation of the parties, the affidavit of GMC, the deposition of Dr. Bowen, the memoranda and oral arguments of the parties, and ordering that Curtis "continue to participate in the benefits of the Workmen's Compensation Law of Ohio for an injury to his low back which occurred on March 22, 1971,'' and that the order of the Industrial Commission of October 22, 1975, is "valid and enforceable."

GMC then appealed to this Court from the judgment of the Common Pleas Court and made two assignments of error. Upon hearing it withdrew the first assignment of error dealing with the jurisdiction of the Common Pleas Court so we will consider only its second assignment of error reading as follows:

''The Industrial Commission of Ohio lacked jurisdic-

tion to enter its October 22, 1975 order requiring Central Foundry to pay for treatments after October 4, 1972, rendered by D. Sherman Bowen, Jr., in light of the March 8, 1975 unappealed and final order of the Deputy Administrator of the Bureau of Workmen's Compensation specifically holding that the condition for which Dr. Bowen treated Mr. Curtis was neither the result of nor related to the recognized injury in this claim.''

Resolution of the issue raised by this assignment of error involves the application of R. C. 4123.52 relating to the continuing jurisdiction of the Industrial Commission. That section reads in pertinent part:

''The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. No such modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after six years from the date of injury in the absence of the payment of compensation for total disability under section 4123.56 of the Revised Code, except in cases where compensation has been paid under section 4123.56, 4123.-57, or 4123.58 of the Revised Code, then ten years from the date of the last payment of compensation or from the date of death * * *. This section does not affect the right of a claimant to compensation accruing subsequent to the filing of any such application, provided such application is filed within the applicable time limits as provided in this section.''

In effect, GMC is claiming that these provisions are limited by any order denying benefits purporting to be final and from which appeal has not been taken so that that order becomes *res judicata* as to all benefit claims filed thereafter relating to the injury to which the order pertains. GMC relies strongly on the cases of *State, ex rel. Griffey*, v. *Indus. Comm.* (1932), 125 Ohio St. 27, and *State* v. *Ohio Stove Company* (1950), 154 Ohio St. 27, as supporting its position.

In *Griffey*, a mandamus case, it was held that the "continuing jurisdiction of the industrial commission, under authority of Section 1465-86, General Code, applies only to new and changed conditions occurring after an original award." In the opinion Chief Justice Marshall further states, at page 31, "It should not under any circumstances be employed as an attempt to introduce additional evidence of facts which had previously been presented to, and passed upon by, the commission."

In the *Stove Company* case, a civil action to recover benefit payments alleged to have been erroneously made, the holding in *Griffey* was approved and followed with the further limitation that the continuing jurisdiction "does not extend to a review of such original award or its order denying such award, after it has become final, by a consideration only of the evidence on which the original order was made and without any evidence of new or changed conditions arising subsequent to such order."

Curtis, of course, acknowledges these holdings but also set forth his reliance on the evolution of these principles found in *State, ex rel. S. S. Kresge Co., v. Indus. Comm.* (1952), 157 Ohio St. 62, and *State, ex rel. Kilroy Structural Steel Co., v. Morse* (1953) 159 Ohio St. 372. The former of these cases sounded in prohibition to prevent the Industrial Commission from the exercise of its jurisdiction and the latter sounded in mandamus to command the Industrial Commission to reverse a claimed excess of jurisdiction. In the *Kresge* case the Supreme Court held that within the statutory period the commission may exercise its continuing jurisdiction "for the purpose of considering new evidence of further disability resulting from the claimant's injury." In the *Kilroy* case the Court held that "the commission has the power, if the same is timely exercised, to change a compensation award to an injured workman from one for temporary partial disability to one for temporary total disability, where it finds, upon substantial evidence, that an error or mistake was made in the initial order." The decision in the *Kilroy* case, however, was in a very specialized area involving a distinc-

tion between the term temporary partial disability contemplating an impairment in earning capacity and permanent partial disability referring to the percentage of physical disability.

In our opinion, these decisions to the extent applicable to jurisdiction of the commission, may be summarized as permitting the exercise of the continuing jurisdiction of the commission to consider new evidence of further disability resulting from the claimant's injury and, if same is found to exist, to appropriately modify or change its former findings or orders. Thus, the continuing jurisdiction to hear a claim based on new evidence of further disability always exitsts but no modification or change in former orders may occur unless new evidence of further disability is found sufficient to justify the modification or change.

Accordingly, the unappealed order of March 8, 1973, did not by reason of its mere existence, deprive the commission of its jurisdiction to hear and consider the claim for compensation for treatments occurring after October 4, 1972. Did it then exceed its authority in reaching a different result as to the treatments occurring after October 4, 1972, than was reached by the deputy administrator concerning treatments occurring on and before that date? The resolution of this question does not depend upon what evidence was actually adduced before the commission because on appeal under the provisions of R. C. 4123.519 to the Court of Common Pleas a new trial is contemplated in that court. *State, ex rel. Federated Dept. Stores, Inc.,* v. *Brown* (1956), 165 Ohio St. 521. Curtis then had the burden of proof in the Common Pleas Court as to his entitlement to participate in the fund. *Swift & Co.* v. *Wreede* (1960), 110 Ohio App. 252.

Outside of the precedural facts heretofore set forth the only evidence before the Common Pleas Court on the motion for summary judgment as to the merits of the claim for compensation for treatments after October 4, 1972, consisted of the deposition of Dr. Bowen and the exhibits to the affidavit of Warren D. Wolfe filed on November 15, 1976. Although practically identical exhibits are

attached to memoranda filed in the trial court the trial court could not properly refer to such attachments because they do not constitute documents which may be considered under the provisions of Civil Rule 56(C). Nor do we find in any of the evidentiary documents filed in the trial court the report of Dr. Hein considered by the commission in arriving at its decision.

The only conclusions which may be drawn from the testimony of Dr. Bowen in his disposition, and these conclusions are undisputed, is that the treatments rendered by him to Curtis after October 4, 1972, were for the identical condition which existed prior thereto and that that condition was an injury proximately resulting from the accident which occurred on March 22, 1971. As compared to the evidence on which the deputy administrator rendered his decision on March 8, 1973, the evidence had to be new in that it related to a condition existing after October 4, 1972, and it likewise related to further disability arising from the accident after that date which had not been passed upon by the administrator in the March 8, 1973, decision. There were no evidentiary facts supplied by affidavit, deposition, or otherwise indicating that any of the treatments after October 4, 1972, were not necessary for the continued condition resulting from the accident.

For these reasons it appears that there was no genuine issue as to any material fact and that Curtis was entitled to judgment as a matter of law.

We therefore find no error as assigned and argued and the judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

MILLER, P. J., and COLE, J., concur.