Defendant Associated Materials, Inc. has appealed from a judgment of the Summit County Court of Common Pleas permitting Plaintiff Frank March to participate in the Ohio Workers' Compensation System. This Court affirms.
 I.
Plaintiff was hired by Defendant in May, 1997. On August 8, 1997, Plaintiff delivered a patio door to one of Defendant's warehouses. When he arrived, no one was there to help him unload the door. In the process of removing the door from the truck, Plaintiff was injured.
Plaintiff filed a workers' compensation claim seeking participation in the fund for lumbar strain, thoracic strain with costochrondritis and cervical strain. The Industrial Commission held a hearing to determine if his injuries were covered. Plaintiff's claim for lumbar strain was allowed. The Industrial Commission, however, specifically denied the conditions of thoracic strain with costochrondritis and cervical strain. Pursuant to R.C. 4123.512, Plaintiff timely appealed to the Summit County Court of Common Pleas asserting that he was entitled to participate in the workers' compensation fund for the two denied conditions.
A jury trial was held on these issues on October 22 and 23, 1998. At the close of evidence, Defendant moved for a directed verdict. The trial court denied the motion. The matter went to the jury who found that Plaintiff was entitled to participate in the workers' compensation fund for thoracic strain with costochrondritis and cervical strain. The trial court journalized the jury's verdict, thereby reversing the Industrial Commission's order. Defendant subsequently moved for judgment notwithstanding the verdict. The trial court also denied this motion. Defendant timely appealed, asserting two assignments of error.
 II.
A.
 The trial court abused it's [sic] discretion in overruling Defendant's objections to the testimony of Plaintiff's medical expert regarding medical conditions not at issue in the herein litigation.
Defendant has argued that the admission of certain testimony by Dr. Fierra, prejudiced and misled the jury. Specifically, he has asserted that parts of Dr. Fierra's video-taped deposition that were admitted were outside the scope of R.C. 4123.512. This contention is without merit.
Under Ohio law, in an appeal from an Industrial Commission's ruling, the subject matter jurisdiction of the court of common pleas is limited only to those matters heard and decided by the commission. Mims v. Lennox-Haldeman Co. (1964), 8 Ohio App.2d 226,228-29; Hausch v. Alsides, Inc. (Aug. 12, 1998), Medina App. No. 2730-M, unreported, 1998 Ohio App. LEXIS 3667, at *3; R.C.4123.512. In the instant case, the only issues before the trial court were the two disallowed conditions of thoracic strain with costochrondritis and cervical strain.
During trial, Plaintiff offered the video-taped deposition of his medical expert, Dr. Jeffery Fierra. Prior to the video's presentation to the jury, Defendant's objections to certain portions of the deposition were addressed and the video was edited accordingly. Defendant has argued that the trial court committed reversible error by allowing testimony of Plaintiff's expert in regard to medical conditions not at issue. Defendant has cited the following statement in Dr. Fierra's video deposition presented at trial: "I felt that the herniated disc should be additionally allowed on this claim, that should be considered part of his diagnosis, too. So the herniated disc in the neck and low back should be part of my diagnosis." Defendant has also complained that the following dialogue between Plaintiff's counsel and Dr. Fierra on direct examination was allowed in error:[1]
 Q: And that would include your diagnosis for the upper back strain/sprain?
A: Yes.
 Q: And that would include your diagnosis for the herniated disc, C5-6 and L5-S1?
A: Yes.
 Q: And would that include your diagnosis of the chrondrosternal sprain/strain?
A: At this time, it would not include that.
In response to Defendant's arguments, Plaintiff has directed this Court's attention to several portions of the record where testimony about the herniated disc was introduced into evidence without objection. Each portion was prior to the testimony Defendant has challenged. Moreover, the medical report containing the diagnosis of a herniated disc was before the jury without objection. Accordingly, Defendant can only prevail on this assignment of error if it can establish plain error.
In applying the plain-error doctrine to civil cases, the Ohio Supreme Court has stated:
 The plain-error doctrine permits correction of judicial proceedings when error is clearly apparent on the face of the record and is prejudicial to the appellant. Although the plain-error doctrine is a principle applied almost exclusively in criminal cases, this court has stated that the doctrine may also be applied in civil causes, even if the party seeking invocation of the doctrine failed to object * * *, if the error complained of "would have a material adverse affect on the character and public confidence in judicial proceedings."
 Reichert v. Ingersoll (1985), 18 Ohio St.3d 220, 223. (Citations omitted). As such, the plain-error exception is used in civil cases only under exceptional circumstances to prevent a manifest miscarriage of justice. Kelley v. Cairns Brothers, Inc. (1993), 89 Ohio App.3d 598, 613, citing Cleveland Elec. Illum. Co. v. Astorhust Land Co.
(1985), 18 Ohio St.3d 268, 275.
Defendant has not demonstrated plain error. Given the jury's limited resolution, i.e. allowing Plaintiff to participate in the workers' compensation fund for thoracic strain with costochrondritis and cervical strain, this Court can not say the jury was misled or confused. If the result of the trial would have been different, perhaps the Defendant could have claimed prejudice and plain error. Such facts do not present themselves in this matter, and this Court concludes, therefore, that the testimony challenged by Defendant was not so erroneous as to fall within the plain error doctrine. Defendant's first assignment of error is overruled.
B.
 The trial court abused it's [sic] discretion in not granting Defendant's motion for a directed verdict and motion for judgment [sic] notwithstanding the verdict as Plaintiff's medical testimony was not sufficient to create a question of proximate cause for the jury.
Defendant has challenged the trial court's determination by arguing that Dr. Fierra's testimony was insufficient to present an issue of proximate cause for the jury. This Court disagrees.
To receive workers' compensation benefits for conditions developing after an injury, the claimant must show "not only that his injury arose out of and in the course of his employment, but that a direct and proximate causal relationship existed between his accidental injury and his harm or disability." State ex rel.Chrysler Corp. v. Indus. Comm. (1998), 81 Ohio St.3d 158, 161, quoting Fox v. Indus. Comm. (1955), 162 Ohio St. 569, 576. As this Court recognized in Mitchell v. Loral Defense Sys. (May 3, 1995), Summit App. No. 16970, unreported, 1995 Ohio App. LEXIS 1872, at *4, courts in Ohio "have uniformly held that in order for the claimant's medical testimony to create a question of proximate cause for the jury, the testimony must establish a probability, not a mere possibility, of such a causal connection." Id., quotingGalletti v. Burns Internatl. (1991), 74 Ohio App.3d 680, 683. "Thus, when experts have stated that an employee's injury `could be,' `could very well be,' or `could possibly be' causally related to an incident at work, the medical testimony has been held insufficient to create a jury question on proximate cause." Id. at *5.
The standard for appellate review on a motion for directed verdict is de novo. Accordingly, this Court is to construe the evidence presented most strongly in favor of the nonmoving party and, after so doing, determine whether reasonable minds could only reach a conclusion which is against the nonmoving party. TitaniumIndustries v. S.E.A., Inc. (1997), 118 Ohio App.3d 39, 47-48. Motions for directed verdicts are provided for in Civ.R. 50(A)(4) which states:
 When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
As a general rule, courts are to assume the truth of the evidence which supports the essential facts of the nonmoving party's claim and give the nonmoving party the benefit of all reasonable inferences of the evidence. Becker v. Lake Cty. Mem.Hosp. West (1990), 53 Ohio St.3d 202, 206, quoting Ruta v.Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66, 68. Where there is evidence from which reasonable minds could come to different conclusions, a directed verdict is inappropriate. Osborne v. Lyles
(1992), 63 Ohio St.3d 326, 327.
Likewise, the test to be applied for granting a judgment notwithstanding the verdict is after construing the evidence most strongly in favor of the nonmovant, whether the court finds reasonable minds could reach only a conclusion adverse to that party. Posin v. A.B.C. Motor Court Hotel Inc. (1976), 45 Ohio St.2d 271,275. Where there is substantial evidence to support the nonmovant's side of the case, upon which reasonable minds could reach different conclusions, the motion must be denied.Ward v. Hengle (1997), 124 Ohio App.3d 396, 404, citing Posin,45 Ohio St. 2d at 275. A court should be hesitant to set aside a jury's verdict which is supported by credible proof in the absence of passion or prejudice as it is not for the court to substitute its judgment for that of the trier of fact. Burns v. Krishnan
(January 28, 1998), Lorain App. No. 96CA006650, unreported, at 8-9, citing Villella v. Waikem Motors, Inc. (1989), 45 Ohio St.3d 36,40, and Littleton v. Good Samaritan Hospital Health Ctr.
(1988), 39 Ohio St.3d 86, 103.
In the instant matter, Defendant has complained that the record is (1) void of any diagnosis of thoracic strain with costochrondritis, and (2) without any link between the work injury and his diagnosis. These positions are without merit. Plaintiff's Exhibit 1, Dr. Fierra's notes from his November 11, 1997 exam of the Plaintiff, clearly includes a diagnosis of thoracic strain. Moreover, Dr. Fierra testified in his video-taped deposition that his November 11, 1997 diagnoses included "cervical strain and sprain, right cervical radiculopathy, thoracic spine strain and sprain and lumbar strain and sprain."
As for Defendant's second premise, Dr. Fierra further testified:
 Q: Doctor, do you have an opinion, based upon reasonable medical certainty, based upon your examinations as to whether there is a direct causal relationship between the work injury of August 8th, 1997 and the injury to [Plaintiff's] cervical condition?
 A: I believe this diagnosis — all the diagnoses are directly and proximately related to the result of the injury he sustained at work.
 Q: And that's within a reasonable medical certainty then?
 A: That's within reasonable medical certainty or probability, yes.
 Q: And that would include your diagnosis for the upper back strain/sprain?
A: Yes.
Finally, Defendant has maintained that Dr. Fierra's affirmative response to counsel's question regarding Plaintiff's "cervical condition" was inadequate. Defendant has argued that such a characterization was over-broad and vague, i.e. could include any cervical injury, and thus, impotent to connect the accident with the two medical conditions at issue. This argument must fail as well. Dr. Fierra's testimony was not vague or unclear as to proximate cause. He explicitly stated "all diagnoses" were related to Plaintiff's work injury, and despite Defendant's declarations otherwise, the record does, in fact, reflect both claims at issue were diagnosed.
Considering Dr. Fierra's testimony in its entirety, and construing the evidence in favor of Plaintiff, the nonmovant, it is evident that the Defendant was not entitled to judgment as a matter of law. In light of these conclusions, this Court holds that the trial court properly denied both Defendant's motion for directed verdict and his motion for judgment notwithstanding the verdict. Defendant's second assignment of error is overruled.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
Affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
BETH WHITMORE FOR THE COURT BAIRD, P.J.
CARR, J.
CONCUR
[1] Defense counsel had objected to each of these questions when posed during Dr. Fierra's deposition. At trial, the video-taped deposition omitted these objections.