[Cite as *Beaumont v. Kvaerner N. Am. Constr.*, 2013-Ohio-5847.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| DONALD A. BEAUMONT, | : | **O P I N I O N** |
| Appellee, | : | |
| - vs - | : | **CASE NO. 2013-T-0047** |
| KVAERNER NORTH AMERICAN CONSTRUCTION, | : | |
| | : | |
| Appellant, | : | |
| - vs - | : | |
| | : | |
| ADMINISTRATOR, BUREAU OF WORKERS' COMPENSATION, | : | |
| Appellee. | : | |

Administrative Appeal from the Trumbull County Court of Common Pleas, Case No. 2012 CV 2454.

Judgment: Affirmed.

*Walter Kaufmann,* Boyd, Rummell, Carach & Curry Co., L.P.A., Huntington Bank Building, 4th Floor, P.O. Box 6565, Youngstown, OH 44501-6565 (For Appellee-Donald A. Beaumont).

*Sara L. Rose,* Sara L. Rose, LLC, P.O. Box 188, Pickerington, OH 43147 (For Appellant-Kvaerner North American Construction).

*Mike DeWine,* Ohio Attorney General, State Office Tower, 30 East Broad Street, Columbus, OH 43215, and *Brian R. Honen,* Assistant Attorney General, Workers' Compensation Section, 20 West Federal Street, 3rd Floor, Youngstown, OH 44503 (For Appellee-Administrator, Bureau of Workers' Compensation).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Kvaerner North American Construction, appeals the judgment of the Trumbull County Court of Common Pleas, granting the motions to dismiss Kvaerner's counterclaim filed by appellees, Donald A. Beaumont and Administrator, Bureau of Workers' Compensation ("BWC"). At issue is whether the statutory procedure for prosecuting an employer appeal in a workers' compensation action precluded Kvaerner from asserting its appeal via a counterclaim. For the reasons that follow, we affirm.

{¶2} On December 30, 2011, Beaumont sustained serious injuries while working for Kvaerner, including two rib fractures, neck sprain, and thoracic sprain. He filed a workers' compensation claim with the BWC. Subsequently, the BWC allowed his claim. On April 17, 2012, Beaumont filed a motion with the BWC, seeking recognition of eight additional medical conditions. Kvaerner objected to all the requested additional conditions. Following an administrative hearing, on August 6, 2012, the Staff Hearing Officer ("SHO") allowed Beaumont's claim for two of his additional conditions involving two herniated discs, but disallowed his claim for recognition of the remaining six additional conditions.

{¶3} Both Beaumont and Kvaerner appealed the SHO's decision to the Industrial Commission, which on August 28, 2011, refused both appeals.

{¶4} Thereafter, Beaumont timely filed a notice of appeal of the SHO's order and the Industrial Commission's order refusing further appeal in the common pleas court. As required by statute, Beaumont also filed a complaint in the common pleas court, requesting that the six additional medical conditions, which had been denied by

2

the SHO, be allowed. Kvaerner did not file a notice of appeal in the trial court. Instead, Kvaerner filed a counterclaim, challenging the SHO's allowance of Beaumont's two additional medical conditions.

{¶5} Beaumont and the BWC both filed motions to dismiss Kvaerner's counterclaim. The trial court agreed with Beaumont and the BWC's argument that R.C. 4123.512 implicitly prohibits the prosecution of an employer appeal via a counterclaim. Further, the court concluded that, since Kvaerner did not file an appeal within the 60-day period allowed by this statute, the court was without jurisdiction to consider it. The court granted the motions and dismissed Kvaerner's counterclaim. The trial court's judgment included the finding, pursuant to Civ.R. 54(B), that there is no just cause for delay.

{¶6} Kvaerner appeals the trial court's judgment, asserting the following for its sole assignment of error:

{¶7} "The trial court committed prejudicial error in granting plaintiff-appellee, Donald Beaumont and defendant-appellee, Administrator, Ohio Bureau of Workers' Compensation's motions to dismiss defendant-appellant Kvaerner's counterclaim based on its opinion that the court was without jurisdiction to consider the counterclaim."

{¶8} The trial court's construction of statutes and the court's determination of its subject matter jurisdiction involve questions of law, which we review de novo. *State v. Phillips*, 11th Dist. Trumbull No. 2008-T-0036, 2008-Ohio-6562, ¶11 (construction of statutes); *State v. Rode*, 11th Dist. Portage No. 2010-P-0015, 2011-Ohio-2455, ¶14 (jurisdiction).

3

{¶9} Under its assignment of error, Kvaerner asserts three principal arguments. First, Kvaerner argues that, by filing his notice of appeal from the order of the Industrial Commission, Beaumont appealed the order in its entirety and his appeal thus vested the trial court with subject matter jurisdiction over all issues raised in the Commission's order, including the two additional conditions allowed by the SHO. We do not agree.

{¶10} In the landmark case of *Mims v. Lennox-Haldeman Co.*, 8 Ohio App.2d 226 (8th Dist.1964), the Industrial Commission allowed the employee's back injury, but denied his heart condition. The employee's notice of appeal stated he appealed the Industrial Commission's order. His notice did not specify that he was appealing the disallowed heart condition. The employer did not file a notice of appeal. At trial, the jury found in favor of the employee regarding his heart condition. With respect to the issues raised by the employee's notice of appeal, the Eighth District held: "In an appeal under Section [4123.512], Revised Code, by [an employee] from an adverse decision of the Industrial Commission, the issue decided adversely to the claimant is the only issue before the Court of Common Pleas." *Id.* at syllabus. The Eighth District explained:

{¶11} A special proceeding of this type under the statute whereby a trial de novo is provided for in the Court of Common Pleas regarding the question of participation or continued participation in the State Insurance Fund cannot be paralleled with a law and fact appeal to the Court of Appeals. Statutes of this nature must be liberally construed in favor of employees seeking the benefit. Section 4123.95, Revised Code. When [an employee] appeals from an order of the Industrial Commission under Section [4123.512],

4

Revised Code, it must be presupposed that *the issue decided adversely to the [employee] before the Industrial Commission is the only issue before the Court of Common Pleas.* To say one is appealing the portion of an order that is favorable to him defies reason. In the instant case, *the only way the question of participation regarding the back injury could be adjudicated would be for the employer to take an appeal from the order of the Industrial Commission. This the employer did not do.* (Emphasis added.) *Mims, supra,* at 228-229.

{¶12} *Mims* has been cited with approval by many courts, including the Supreme Court of Ohio, and has never been overruled or criticized. The Supreme Court of Ohio subsequently cited with approval the foregoing holding of the Eighth District in *Mims* in *Ward v. Kroger Co.*, 106 Ohio St.3d 35, 2005-Ohio-3560, ¶8.

{¶13} Further, in *McClarty v. Herzog*, 8th Dist. Cuyahoga Nos. 57238, 57283, 1990 Ohio App. LEXIS 2835 (Jul. 12, 1990), the plaintiff won a legal malpractice verdict against his former attorney. The plaintiff argued he was denied three years of disability benefits due to his attorney's failure to timely file an appeal of a hearing officer's decision. *On appeal, the plaintiff's attorney argued that one party does not have to file a notice of appeal to contest adverse portions of a hearing officer's decision if another party has filed such notice, because, in his view, one notice of appeal opens all issues for review.* The plaintiff's attorney argued that, because the employer had filed a notice of appeal, the plaintiff was not required to file his own notice of appeal. The Eighth District disagreed and held: "The general rule is that a party who does not file a notice of

5

appeal 'cannot oppose the final judgment on appeal, or attack it to enlarge his own rights or lessen the rights of his adversary,' despite the fact that the adversary has filed a notice of appeal." *Id.* at *9, quoting *Kaplysh v. Takieddine*, 35 Ohio St.3d 170, 175 (1988). Significantly, Kvaerner does not attempt to distinguish or even address *Mims* or *McClarty.*

{¶14} Thus, contrary to Kvaerner's argument, Beaumont's appeal encompassed only that part of the SHO's order that was adverse to him, i.e., the denial of his request for recognition of six of his eight additional medical conditions. The only way the question of participation regarding the two additional conditions that the SHO had allowed could be adjudicated in the common pleas court would be for Kvaerner to take an appeal from the SHO's order. This Kvaerner did not do. *Mims, supra.*

{¶15} Thus, Beaumont's notice of appeal did not vest the trial court with jurisdiction to address Kvaerner's appeal of the SHO's allowance of Beaumont's two additional conditions.

{¶16} Second, Kvaerner argues that, because R.C. 4123.512(D) provides that pleadings filed subsequent to the complaint shall be filed in accord with the Rules of Civil Procedure, it was entitled to pursue its appeal of the SHO's order via a counterclaim. It therefore argues the trial court erred in finding that R.C. 4123.512 implicitly forbids the prosecution of an employer appeal via a counterclaim. Again, we do not agree.

{¶17} Civ.R. 1(C) provides that, to the extent that the Ohio Rules of Civil Procedure would be clearly inapplicable, they shall not apply to special statutory proceedings. Workers' compensation appeals are special statutory proceedings. *Mims,*

*supra*, at 228; *Harsco Corp. v Bishop*, 12th Dist. Madison No. CA2000-12-052, 2001 Ohio App. LEXIS 4453, *6 (Oct. 1, 2001).

{¶18} R.C. 4123.512 sets forth the procedure for appealing a final decision of a staff hearing officer or the Industrial Commission. That section provides in pertinent part:

{¶19} (A) *The [employee] or the employer may appeal an order of the industrial commission * * * to the court of common pleas * * *. * * * Like appeal may be taken from an order of a staff hearing officer * * * from which the commission has refused to hear an appeal. The appellant shall file the notice of appeal with a court of common pleas within sixty days after the date of the receipt of the order appealed from * * *. The filing of the notice of appeal with the court is the only act required to perfect the appeal.*

{¶20} * * *

{¶21} (D) The [employee] shall, within thirty days after the filing of the notice of appeal, file a [complaint] containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action. *Further pleadings shall be had in accordance with the Rules of Civil Procedure * * *.* (Emphasis added.)

{¶22} Thus, the employer is required to file a notice of appeal in order to assert its appeal of an order of a staff hearing officer or the Industrial Commission. Moreover,

7

nothing in R.C. 4123.512 suggests that an employer can assert its appeal via a counterclaim rather than a notice of appeal. As a result, R.C. 4123.512(A) implicitly prohibits the employer from circumventing the statutory process by asserting its appeal via a counterclaim. Because Kvaerner did not file a notice of appeal, it was prohibited by R.C. 4123.512 from prosecuting its appeal via a counterclaim.

**{¶23}** Further, after the notice of appeal is filed, the employee has the affirmative duty to file a complaint containing a statement of facts supporting a cause of action to participate or to continue to participate in the workers' compensation fund and setting forth the basis for the trial court's jurisdiction, *regardless of the employee's success or failure at the administrative level. Zuljevic v. Midland-Ross Corp*., 62 Ohio St.2d 116, 118 (1980). Thus, whether the employee or employer files a notice of appeal, the employee has the duty to file the complaint.

**{¶24}** "The purpose of the [complaint] is to give orderliness to the appellate proceeding." *Id.* This is because the employee has both the burden of going forward with the evidence and the burden of proof at the de novo trial before the common pleas court. *Zuljevic, supra*, citing *Swift & Co. v. Wreede*, 110 Ohio App. 252, 254 (3d Dist.1959). Further, it is the employee's right and responsibility to open and close the trial in the common pleas court. *Swift, supra*. Thus, where an employer appeals an unfavorable administrative decision to the common pleas court, the employee is required to re-establish his entitlement to participate in the workers' compensation fund, although the employee previously satisfied a similar burden at the administrative level. *Zuljevic, supra*; *Swift, supra*.

{¶25} If an employer was permitted to prosecute an appeal of an order of a staff hearing officer or the Commission via a counterclaim, the employer would have the burden of proof. Civ.R. 8(A); *McGee v. Lohr*, 10th Dist. Franklin No. 74AP-114, 1974 Ohio App. LEXIS 3014, *12 (Sep. 10, 1974). This would disrupt the orderliness of the appeal as it would result in a reversal of the statutorily-defined roles of employer and employee in a workers' compensation appeal. As noted above, it is the employee who always has the burden to prove his or her entitlement to participation in the fund.

{¶26} Moreover, the Supreme Court of Ohio held in *Robinson v. B.O.C. Group*, 81 Ohio St.3d 361 (1998), that an employer's appeal of the decision of the Industrial Commission is not analogous to a counterclaim. The Supreme Court stated:

{¶27} A counterclaim is "[a] pleading that sets forth a claim for relief." Civ.R. 8(A). * * * [A] notice of appeal filed by the employer pursuant to R.C. 4123.512 is no more a claim for relief than it is a request for affirmative relief or a demand for judgment.

{¶28} Thus, as stated by the court of appeals, "* * * an employer's appeal in a workers' compensation case is not analogous to a counterclaim in a civil action." *Id.* at 369.

{¶29} For these reasons, Civ.R. 8(A), which authorizes a defendant to file a counterclaim in a typical civil action, does not apply to workers' compensation employer appeals.

{¶30} Third, Kvaerner argues the trial court erred in finding that it was without jurisdiction to consider Kvaerner's counterclaim. Kvaerner argues that, because Beaumont timely filed his notice of appeal, his counterclaim was timely. However,

9

Kvaerner misses the point. Beaumont and the BWC do not challenge the timeliness of Kvaerner's counterclaim. Instead, they challenge its right to file it under R.C. 4123.512 and the trial court's jurisdiction to consider Kvaerner's appeal in light of its failure to file a notice of appeal.

{¶31} Once again, Kvaerner argues that when Beaumont filed his notice of appeal, the trial court acquired jurisdiction over all issues addressed in the Commission's order so it would not make sense for Kvaerner to file its own appeal. However, this argument ignores the holdings in *Mims, supra*, that: (1) when an employee appeals from an order of the Industrial Commission, the only issue before the common pleas court is the issue decided adversely to the employee by the Industrial Commission, and that (2) the employer must file a notice of appeal for its challenge to be adjudicated.

{¶32} Unlike a typical civil action, the filing of a complaint in a workers' compensation matter does not "commence" the action and confer jurisdiction. *Compare* R.C. 4123.512(A) *with* Civ.R. 3(A) ("A civil action is commenced by filing a complaint with the court * * *."). However, in a workers' compensation appeal:

{¶33} Under Section [4123.512], Revised Code, *the filing of a [complaint] is not jurisdictional. The filing of a notice of appeal* with the * * * Court of Common Pleas *is the only act required to perfect the appeal* and vest jurisdiction in the court. *Singer Sewing Machine Co. v. Puckett*, 176 Ohio St. 32 (1964), paragraph two of the syllabus.

**{¶34}** This court in *Gdovichin v. Geauga Cty. Highway Dept.*, 90 Ohio App.3d 805 (11th Dist.1993) likewise held the filing of the complaint does not satisfy the sole jurisdictional requirement. *Id.* at 808-809. Rather, this court in *Gdovichin* held that the jurisdictional requirements of R.C. 4123.512 are satisfied solely by the filing of a notice of appeal. *Id.* at 807-808.

**{¶35}** Thus, the timely filing of a notice of appeal with the court of common pleas is the only act required to perfect the appeal and vest jurisdiction in the common pleas court. *Singer, supra.* Because Kvaerner did not file a notice of appeal, it failed to vest the trial court with jurisdiction to adjudicate its challenge to the allowance by the SHO of Beaumont's two additional medical conditions.

**{¶36}** We therefore hold that the trial court did not err in dismissing Kvaerner's counterclaim for lack of jurisdiction.

**{¶37}** For the reasons stated in this Opinion, appellant's assignment of error is not well taken. It is the order and judgment of this court that the judgment of the Trumbull County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, J., concurs,

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

_____

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

**{¶38}** The issue before this court is whether a party to a workers' compensation appeal under R.C. 4123.512 may raise issues through a counterclaim filed pursuant to

Civil Rule 13(A). Contrary to the majority's position, neither the statute nor case law prohibit a party from "asserting its appeal via a counterclaim." *Supra* at ¶ 22. In fact, there is precedent to the contrary.

{¶39} In a workers' compensation appeal, the claimant is required to "file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action." R.C. 4123.512(D). "***Further pleadings shall be had in accordance with the Rules of Civil Procedure***, provided that service of summons on such petition shall not be required and provided that the claimant may not dismiss the complaint without the employer's consent if the employer is the party that filed the notice of appeal to court pursuant to this section." (Emphasis added.) *Id.*

{¶40} Since the statute expressly states that, subsequent to the filing of the complaint, "[f]urther pleadings shall be had in accordance with the Rules of Civil Procedure," it is reasonably inferred that such pleadings include a counterclaim, as provided for in Civil Rule 13(A).

{¶41} In *Himmel v. CompuServe Inc.*, 10th Dist. Franklin No. 98AP-1297, 1999 Ohio App. LEXIS 3432 (July 27, 1999), the claimant argued that the trial court improperly granted judgment on a subrogation issue raised in the employer's counterclaim, since the court did not have jurisdiction over the counterclaim. *Id.* at 4. The court of appeals rejected the argument: "The allowance of appellee's counterclaim comports with the object and purpose of Civ.R. 13(A) 'to avoid a multiplicity of actions and to achieve a just resolution by requiring in one lawsuit the litigation of all claims

12

arising from common matters.'" (Citation omitted.) *Id.* at 6. Moreover, "a review of R.C. Chapter 4123 does not show that appellee is barred from raising its counterclaim in the present case." *Id.*

**{¶42}** Similarly, there are a plethora of other decisions demonstrating that the courts allow various pleadings and motions provided for in the Civil Rules and sanctioned by R.C. 4123.512(D). *E.g.*, *AMCA Internatl. Corp. v. Carlton*, 10 Ohio St.3d 88, 90, 461 N.E.2d 1282 (1984) (default); *Price v. Westinghouse Elec. Corp.*, 70 Ohio St.2d 131, 132-133, 435 N.E.2d 1114 (1982) (summary judgment); *Kuhn v. Schmidt Bros., Inc.*, 6th Dist. Lucas No. L-07-1235, 2008-Ohio-1567, ¶ 10 (judgment on the pleadings); *Williams v. Harsco Corp.*, 94 Ohio App.3d 441, 446, 640 N.E.2d 1193 (3rd Dist.1994) (amendment of the pleadings); *Cunningham v. Gen. Motors Assembly Div.*, 11th Dist. Trumbull No. 2928, 1981 Ohio App. LEXIS 14143, 6-7 (July 27, 1981) (affirmative defenses).

**{¶43}** The majority presents no convincing argument as to why, if Kvaerner must file an answer to avoid default under the Civil Rules, it may not include a counterclaim in its answer under the same Civil Rules.

**{¶44}** The cases relied upon by the majority are distinguishable and/or consistent with the pleading of a counterclaim. In *Mims v. Lennox-Haldeman Co.*, 8 Ohio App.2d 226, 199 N.E.2d 20 (8th Dist.1964), the administrator of the bureau of workers' compensation sought to challenge the allowance of a condition in the claimant's appeal to the common pleas court based on the disallowance of another condition. The court of appeals held that the administrator had no right of appeal under the workers' compensation statute and that the only issue to be decided was the issue

raised in claimant's petition (complaint). *Id.* at 229. Unlike the administrator in *Mims*, Kvaerner is statutorily defined as a party to Beaumont's appeal and has affirmatively contested the allowance of a condition in a responsive pleading. *Mims* has no applicability in the present circumstances.

{¶45} Likewise, the court of appeals in *McClarty v. Herzog*, 8th Dist. Cuyahoga Nos. 57238 and 57283, 1990 Ohio App. LEXIS 2835 (July 12, 1990), rejected the contention that "a notice of appeal from the decision of a district hearing officer to a regional board of review opens *all* issues for review, and not just those issues adverse to the appealing party." (Emphasis sic.) *Id.* at 9. The issue in the present case is not whether Beaumont's notice of appeal opened all issues for review, a nonsensical argument contrary to the provisions of the Civil Rules, but whether those rules allow a party to raise claims by way of a counterclaim. There is nothing in *McClarty* inconsistent with this latter proposition.

{¶46} Finally, the majority cites to *Robinson v. B.O.C. Group*, 81 Ohio St.3d 361, 691 N.E.2d 667 (1998), for the proposition that "an employer's appeal in a workers' compensation case is not analogous to a counterclaim in a civil action." *Id.* at 369. This language has no bearing on the issue of Kvaerner's ability to counterclaim in the present case, but only reflects the fact that a "R.C. 4123.512 appeal is by no means a 'typical' administrative appeal, but is a distinctive appeal with unique characteristics." *Bennett v. Ohio Bur. of Workers' Comp.*, 134 Ohio St.3d 329, 2012-Ohio-5639, 982 N.E.2d 666, ¶ 30. In a workers' compensation appeal, the claimant must "establish," de novo, "his right to participate in the fund, including the injury-related and causation aspects of his claim relevant to that question, in the common pleas court." *Id.*

14

{¶**47**} Regardless of which party files the notice of appeal in a workers' compensation appeal, the worker is the claimant/plaintiff and the employer is necessarily in the position of the party that must file an answer. It is wholly appropriate that the employer, per the Civil Rules, has the ability to raise issues by way of counterclaim. Accordingly, I respectfully dissent and would reverse the judgment of the court below.