ZULJEVIC, APPELLEE, *v.* MIDLAND-ROSS CORP., UNITCAST DIVISION, APPELLANT, ET AL.

[Cite as Zuljevic v. Midland-Ross (1980), 62 Ohio St. 2d 116.]

(No. 79-740—Decided April 30, 1980.)

*Gallon, Kalniz & Iorio Co., L.P.A.,* and *Mr. William E. Takacs,* for appellee.

*Messrs. Fuller, Henry, Hodge & Snyder* and *Mr. Richard S. Baker,* for appellant.

SWEENEY, J.  R. C. 4123.519 allows an employer or a claimant to obtain judicial review of certain workers' compensation administrative decisions and orders. Such an appeal is initiated by filing a notice of appeal in accordance with the statute within 60 days after the date of the receipt of the adverse decision or order. "Such filings shall be the only act required to perfect the appeal and vest jurisdiction in the court." R. C. 4123.519.

Thereafter it is the affirmative duty of the claimant, irrespective of the claimant's success or failure at the administrative level, to, "within thirty days after the filing of the notice of appeal, file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action." R. C. 4123.519. The purpose of the petition (referred to as a "complaint" since the adoption of the Civil Rules) is to give orderliness to the appellate proceeding. *Singer Sewing Machine* v. *Puckett* (1964), 176 Ohio St. 32, 37. Further pleadings are then had in accordance with the Civil Rules. R. C. 4123.519.

The appeal authorized by R. C. 4123.519 is in the nature of a new trial in the common pleas court—*State, ex rel. Federated Dept. Stores,* v. *Brown* (1956), 165 Ohio St. 521; *Crabtree* v. *Young* (1965), 1 Ohio St. 2d 93—at which the court "determine[s] the right of the claimant to participate or to continue to participate in the fund upon the evidence adduced at the hearing of such action." R. C. 4123.519.

It has been held that a claimant has both the burden of going forward with evidence and the burden of proof at the hearing before the common pleas court. *Swift & Co.* v. *Wreede* (1959), 110 Ohio App. 252. See, also, *Smith* v. *Young* (1963), 119 Ohio App. 176. Thus, where an employer appeals an unfavorable administrative decision to the court the claimant must, in effect, re-establish his workers' compensation claim to the satisfaction of the common pleas court even though the claimant has previously satisfied a similar burden at the administrative level.

Civ. R. 41(B)(1) provides:

"Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

In the cause *sub judice,* Midland-Ross' motion seeking entry of judgment against the claimant was grounded upon claimant's "failure and refusal to prosecute his claim." The court did not designate the source of its authority in granting the employer's motion and entering judgment dismissing the workers' compensation claim. We construe such action to be a Civ. R. 41(B)(1) and (3) adjudication on the merits based upon the claimant's failure to prosecute.[2]

In *Singer Sewing Machine* v. *Puckett, supra,* this court held that a claimant's failure to timely file his R. C. 4123.519 complaint does not of necessity warrant a judicial determination in favor of the employer and against the claimant. "To summarily grant a motion for judgment on the pleadings where the claimant fails to file his petition would be too harsh a consequence for the failure to file a timely petition." *Id.,* at page 37. In *Thompson* v. *Reibel* (1964), 176 Ohio St. 258, this court held that a court may, in the exercise of sound discretion, permit a claimant to file his complaint after the 30-day period, even where the claimant, rather than the employer, appeals from an unfavorable administrative order or decision.

The law does not, however, permit a claimant to disregard with impunity his statutory obligation to timely prosecute his R. C. 4123.519 claim. Were this court to hold that a claimant

---

[2] Civ. R. 55, the default judgment rule, authorizes a court, in its discretion, to enter judgment in favor of a party seeking affirmative relief when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend***." Civ. R. 55(A). A claimant who has failed to file his complaint within the 30-day period prescribed by R. C. 4123.519 is arguably in "default" in the generic sense of that word. The claimant is not, however, "a party *against whom* a judgment for affirmative relief is sought," and Civ. R. 55 is not an appropriate rule upon which to base entry of judgment against a workers' compensation claimant in a R. C. 4123.519 appeal. This inappropriateness is similarly demonstrated by Civ. R. 55(C) and 54(C), which together provide that a Civ. R. 55 default judgment may not be "different in kind from or exceed in amount that prayed for in the demand for judgment." A notice of appeal filed pursuant to R. C. 4123.519 is not a "demand for judgment" within the contemplation of the Civil Rules.

may file an untimely complaint in a R. C. 4123.519 appeal without first obtaining leave of court, the 30-day statutory time limit would be rendered meaningless. Having failed to comply with the statute, it becomes the claimant's burden to show that his failure is due to excusable neglect or other good cause. Nevertheless, it is an abuse of discretion to dismiss R. C. 4123.519 proceedings on the basis of a claimant's failure to act where he has not been given notice and an opportunity to show cause why the proceedings should not be dismissed and judgment entered against him.

In the case at bar the claimant was not served with a copy of the employer's motion seeking dismissal of the R. C. 4123.519 proceedings nor did the court *sua sponte* notify the claimant that his claim would be dismissed absent a showing of good cause. In the absence of such notice, the judgment of the Court of Appeals, reversing and remanding the cause to the Court of Common Pleas, must be affirmed to allow the claimant an opportunity to seek leave of court to file his complaint.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, LOCHER and HOLMES, JJ., concur.