[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 1209.]

WHITEHURST, APPELLANT, v. PERRY TOWNSHIP ET AL., APPELLEES.

[Cite as *Whitehurst v. Perry Twp.*, 1997-Ohio-157.]

*Appeal dismissed as improvidently allowed.*

(No. 96-1114—Submitted May 20, 1997—Decided July 16, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 95APE09-1180.

———————————

*Mary Jo Cusack*, for appellant.

*Scott, Scriven & Wahoff, William J. Wahoff* and *Richard Goldberg; Loveland & Brosius* and *William Loveland*, for appellee Perry Township.

*Betty D. Montgomery*, Attorney General, and *Gerald H. Waterman*, Assistant Attorney General, for appellee Administrator, Bureau of Workers' Compensation.

———————————

{¶ 1} The appeal is dismissed, *sua sponte*, as having been improvidently allowed.

MOYER, C.J., F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent.

PFEIFER, J., dissents separately.

———————————

**DOUGLAS, J., dissenting.**

{¶ 2} In his opinion affirming in part and dissenting in part in the court of appeals proceeding in the case at bar, Judge Deshler said that "* * * the failure of the trial court to address the defendant's motion for leave to file a complaint and rendering it 'moot' for failure to show excusable neglect, when a constitutional challenge was before the court, was in my view error." I agree with Judge Deshler and would, on this issue, allow the appeal and reverse the judgment of the court of

appeals. I would affirm the court of appeals in its holding that R.C. 4123.512 is constitutional.

RESNICK, J., concurs in the foregoing opinion.

_____

**PFEIFER, J., dissenting.**

**{¶ 3}** There is no question that Whitehurst did not file a complaint within the statutory time period. See R.C. 4123.512(D). There is considerable question as to whether his failure to file a complaint was due to excusable neglect or other good cause. See *Zuljevic v. Midland-Ross Corp.* (1980), 62 Ohio St.2d 116, 16 O.O.3d 140, 403 N.E.2d 986.

**{¶ 4}** The *Zuljevic* court stated that "it is an abuse of discretion to dismiss R.C. 4123.519 [R.C. 4123.519 was amended and renumbered R.C. 4123.512 in 145 Ohio Laws, Part II, 3153-3156, effective October 20, 1993] proceedings on the basis of a claimant's failure to act where he has not been given notice and an opportunity to show cause why the proceedings should not be dismissed and judgment entered against him." *Zuljevic*, 62 Ohio St.2d at 120, 16 O.O.2d at 142, 403 N.E.2d at 988. Such notice and opportunity to show cause do not appear to have been given in this case. I believe the trial court should have granted Whitehurst's motion for leave to plead and compelled Whitehurst to address whether there was excusable neglect or other good cause for his failure to file a timely complaint.

**{¶ 5}** The *Zuljevic* court was attempting to prevent claimants from "disregard[ing] with impunity [their] statutory obligation to timely prosecute." *Zuljevic*, 62 Ohio St.2d at 119, 16 O.O.2d at 142, 403 N.E.2d at 988. The record does not suggest that Whitehurst is such a claimant. Instead, the record suggests that Whitehurst is (1) the victim of a notice of appeal that does not provide good notice to a layperson, see Appendix [not included in Internet version]; (2) the victim of appellate procedure that does not require the notice of appeal to be served on

2

counsel despite App. R. 13(B), which requires the notice of appeal to be served on counsel; and (3) the victim of appellate procedure that shifts the burden of proof to the party that won at the administrative level.

{¶ 6} I would allow the appeal and reverse and remand to the trial court with instructions to determine whether Whitehurst's failure to file a complaint was based on excusable neglect or other good cause.

————————————