DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Paul Zindle appeals the judgment of the Summit County Court of Common Pleas granting appellee's, Roadway Express, Inc. ("Roadway"), motion for judgment on the pleadings, and dismissing appellant's claim with prejudice for failure to comply with the requirements of R.C. 4123.512 and for failure to prosecute pursuant to Civ.R. 41(B)(1). Appellant argues that Roadway was not a proper party to the action, and that he did comply with R.C. 4123.512. This Court affirms the judgment of the trial court.
On September 24, 1995, Appellant was employed by Roadway as a freight handler where his basic duty was to unload trailers. During the course of performing his duties for Roadway, a 1,382 pound skid of plastic materials fell on top of him. As a result, appellant was treated for a fractured pelvis and a contusion to his heart. Appellant then filed a worker's compensation claim with the Ohio Bureau of Worker's Compensation for his injuries. On the "C-50" claim form, appellant properly listed Roadway as his employer at the time of this accident. Roadway certified appellant's claim for the injury to his pelvis, but disputed the claim for his cardiac condition. The matter was referred to a district hearing officer of the Industrial Commission of Ohio pursuant to R.C. 4123.511.
The district hearing officer disallowed appellant's claim for "atrial fibrillation," but granted his claim for "myocardial contusion." Roadway appealed this order to a staff hearing officer of the Industrial Commission. This appeal was denied and the district hearing officer's order was affirmed. Pursuant to R.C. 4123.511(D), Roadway then requested a further appeal of this decision to the Industrial Commission. This request was denied, and Roadway moved for reconsideration, which was also denied. During the course of the proceedings before the Industrial Commission, Roadway was improperly designated as Caliber System, Inc., a related corporation.
On November 21, 1996, pursuant to R.C. 4123.512, Roadway filed a Notice of Appeal in the Summit County Common Pleas Court appealing the Industrial Commission's order affirming the district officer's original order allowing appellant's "myocardial contusion" claim. On December 23, 1996, appellant filed a pleading captioned "Motion to Dismiss Appeal Affidavit of Appellee Claimant Request for Admissions Motion for Production." On February 14, 1997, appellant filed an additional pleading with the trial court captioned "Appellee-Claimant's Motion Regarding § 4123.512 R.C. [sic] `Petition' Service of Such." Appellant also filed a motion renewing his prior motion to dismiss, or in the alternative his motion for summary judgment. On January 6, 1997, Roadway responded to appellant's motion, and moved the trial court for judgment based upon appellant's failure to timely file a petition as required by R.C. 4123.512. Roadway further filed a motion in opposition to appellant's February 14, 1997 motions. On July 9, 1998, the trial court granted Roadway's motion for judgment and dismissed the action with prejudice due to appellant's failure to file a petition in accordance with R.C.4123.512, and for failure of prosecution pursuant to Civ.R. 41(B)(1). It is from this judgment that appellant now appeals raising two assignments of error. This Court will address each in turn.
 First Assignment of Error The court erred in failing to dismiss the Notice ofAppeal filed on November 21, 1996, and in findingAppellant/Employer Roadway timely filed a Notice ofAppeal on November 21, 1996, from the IndustrialCommission of Ohio order dated October 9, 1996.
Appellant first avers that the trial court erred by not granting his motion to dismiss Roadway's appeal. We disagree.
The record reflects that on the date appellant was injured he was employed by Roadway. Neither party contests this fact, and appellant's original claim for worker's compensation named Roadway as the employer. Upon Roadway contesting appellant's claim for his heart condition, and the matter being referred to the Industrial Commission, Roadway was misdesignated as Caliber Systems, Inc. ("Caliber"). It is uncontroverted that at no time was appellant employed by Caliber. Although Roadway's inaction upon learning of its misdesignation certainly added to the confusion created by the Industrial Commission's misnaming of Roadway as Caliber, this alone was insufficient to destroy Roadway's standing as the party in interest in the proceedings before the commission. Thus, Roadway properly filed its notice of appeal with the trial court invoking its jurisdiction pursuant to R.C. 4123.512.
Appellant argues that Roadway's right of appeal had not attached because it did not receive notice of the Industrial Commission's order as required by R.C. 4123.512. However, this contention overlooks the fact that Roadway was the actual party in interest and it participated in the administrative hearings before the Industrial Commission through its representation by counsel. Despite the commission's order being sent to Caliber, counsel for Roadway received the order, thus providing constructive notice to Roadway of the Industrial Commission's order. As such, Roadway had effective notice of the Industrial Commission's order, thereby triggering its right to appeal pursuant to R.C. 4123.512(A).
Appellant further contends that Roadway has failed to exhaust its administrative remedies because it was not the named party in the proceedings before the Industrial Commission. As discussedsupra, the Industrial Commission's misdesignation of Roadway as Caliber was insufficient to destroy Roadway's standing as the employer-party in interest in the proceedings. The Industrial Commission's error placed Roadway in a precarious quandary, and provided appellant with the opportunity to object on the basis of standing without regard to whether Roadway or Caliber attempted to appeal pursuant to R.C. 4123.512. If Roadway had continued to use its designation as Caliber, appellant certainly could have objected claiming that Caliber had no standing because it was not the proper employer. Likewise, appellant now seeks to capitalize on the unfortunate lapse of the commission by objecting to Roadway's appeal claiming it had not exhausted its administrative remedies. We resolve this dilemma by looking through the smoke screen created by the Industrial Commission, and propounded by appellant, and determine that Roadway was at all times the actual party in interest, and, as such, it properly exhausted its administrative remedies prior to invoking the jurisdiction of the court of common pleas pursuant to R.C. 4123.512.
Having determined that Roadway properly filed its notice of appeal pursuant to R.C. 4123.512, appellant's first assignment of error is overruled.
 Second Assignment of Error The trial court erred in finding Plaintiff/Appellee hasfailed to [sic] timely file a petition as required byR.C. 4123.512(D) nor requested additional time to do soand in finding Appellee's February 14, 1997, pleadingnot to satisfy the requirements of a petition under R.C.4123.512(D).
Appellant next contends that he properly filed a petition as required by R.C. 4123.512 and that the trial court erred by determining he had not complied with the requisites of the statute. This assertion is without merit.
Appellant's claim was dismissed with prejudice for failure to prosecute pursuant to Civ.R. 41(B)(1). Upon Roadway's filing of its notice of appeal pursuant to R.C. 4123.512, it then became appellant's duty to file a petition pursuant to R.C. 4123.512(D). Failure to file such petition may result in dismissal pursuant to Civ.R. 41(B)(1). The determination to dismiss an action pursuant to Civ.R. 41(B)(1) lies within the sound discretion of the trial court. Ina v. George Fraam Sons, Inc. (1993), 85 Ohio App.3d 229,231. The Ohio Supreme Court has held that the abuse of discretion standard is heightened for review of dismissals pursuant to Civ.R. 41(B)(1), because such decisions forever deny a plaintiff review of the merits of his claim. Jones v. Hartranft
(1997), 78 Ohio St.3d 368, 372. Accordingly, an abuse of discretion will be found where the trial court has dismissed a case for failure to prosecute and clearly failed to consider other less drastic measures. Ina, supra, at 231. This Court finds no such abuse of discretion in the case sub judice.
R.C. 4123.512(D) states in pertinent part:
 The claimant shall, within thirty days after the filing of the notice of appeal, file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action.
The purpose of the petition, or complaint, "is to give orderliness to the appellate proceeding." Singer Sewing Machine Co. v.Puckett (1964), 176 Ohio St. 32, 37. Upon the filing of the notice of appeal, it becomes the claimant's burden to go forward with evidence and establish the requisite standard of proof at the hearing before the common pleas court. Swift Co. v. Wreede
(1959), 110 Ohio App. 252, 254. Thus, where an employer appeals an unfavorable administrative decision to the court the claimant must, in effect, re-establish his workers' compensation claim to the satisfaction of the common pleas court even though the claimant has previously satisfied a similar burden at the administrative level. The failure to file a petition results in the claimant's failure to carry these burdens, and renders the claim subject to dismissal pursuant to Civ.R. 41(B)(1).
In the instant case, the record reflects that appellant neglected to file a petition pursuant to R.C. 4123.512(D), and failed to move the trial court for leave to file such petition, or show excusable neglect or other good cause for not filing the petition. Appellant urges this Court to find that his affidavit filed with the trial court was sufficient to satisfy the requirements of R.C. 4123.512(D). We decline this invitation. Appellant's affidavit is insufficient to constitute a petition as it lacks the indicia of a complaint as contemplated by the statute. Although appellant's affidavit recites the general facts underlying his claim, it fails to set forth a cause of action, or any legal basis for his claimed relief. The affidavit merely recites Roadway's failure to pay medical expenses incurred as a result of his injuries, a partial procedural history of the case before the Industrial Commission, and a claim that Roadway has no standing to make the within appeal because Caliber was the named party before the Industrial Commission. As such, this affidavit is insufficient to constitute a petition, or complaint, as contemplated by R.C. 4123.512(D).
In addition, appellant failed to move the trial court for leave to file a petition, or to show excusable neglect or other good cause for his failure to file the petition. The record indicates that Roadway filed its notice of appeal on November 21, 1996. Thus, it was appellant's duty to file the petition by December 23, 1996. Appellant failed to file the petition within this time period, but rather, filed his affidavit which, as discussed supra, was insufficient to constitute a petition. On January 6, 1997, Roadway moved the trial court for judgment based upon appellant's failure to file a petition, thereby placing appellant on notice of his alleged failure to comply with R.C.4123.512(D). Appellant failed to respond to this motion until February 14, 1997 when he filed a motion captioned "Plaintiff-Appellee's Motion Regarding § 4123.512 R.C. [sic] `Petition' Service of Such." This motion again contained only his affidavit which he claimed constituted his petition. Even assuming arguendo that the affidavit was sufficient to satisfy the requirements of R.C. 4123.512(D), it was not timely filed.
It is well settled that the law does not permit a claimant to disregard with impunity his statutory obligation to timely prosecute his R.C. 4123.512 claim. Zuljevic v. Midland-Ross
(1980), 62 Ohio St.2d 116, 119. As the court noted in Zuljevic,
if a claimant is permitted to file "an untimely complaint in a R.C. 4123.51[2] appeal without first obtaining leave of court, the 30-day statutory time limit would be rendered meaningless." Id.
at 120. In the instant case, because appellant failed to comply with the statute, it became incumbent upon him to show that his failure was due to excusable neglect or other good cause. Absent such a showing, Roadway was entitled to judgment due to appellant's failure to comply with R.C. 4123.512 and to prosecute his claim as required by Civ.R. 41(B)(1). Thus, appellant had ample opportunity to properly file a petition, or alternatively, to move the trial court for leave to file the petition upon a showing of excusable neglect, or other good cause. Because appellant failed in both respects, the trial court did not abuse its discretion by granting Roadway judgment, and dismissing the case pursuant to Civ.R. 41(B)(1). Appellant's second assignment of error is overruled.
Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ MARY CACIOPPO, FOR THE COURT
SLABY, P. J.
MAHONEY, J., CONCUR
(Cacioppo, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)
(Mahoney, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)