JOURNAL ENTRY and OPINION
Continental Airlines appeals from a decision of the common pleas court denying its motion for judgment on the pleadings based on claimant Ronald Smith's voluntary dismissal of his workers' compensation complaint seeking to participate in the workers' compensation fund and his failure to refile his complaint within the one-year period of the savings statute.
On appeal to our court, Continental urges that the trial court should have entered judgment in its favor, arguing that Smith's voluntary dismissal did not divest the trial court of jurisdiction over its notice of appeal and that Smith is precluded from proving his entitlement to participate in the workers' compensation system because he failed to refile his complaint within the one-year period described in the savings statute.
Upon careful review, we have concluded that Smith's voluntary dismissal did not divest the trial court of jurisdiction over Continental's notice of appeal and that the savings statute now precludes Smith from refiling his complaint; therefore, the court should have granted judgment for Continental. Accordingly, we reverse the judgment of the trial court and enter judgment in favor of Continental Airlines, Inc.
On April 29, 1998, Smith suffered a dorsal sprain and strain and a lumbar sprain and strain while employed by Continental Airlines. On October 16, 1998, the Industrial Commission of Ohio awarded Smith temporary total disability for these injuries.
On April 20, 2000, however, Continental filed a notice of appeal in the common pleas court from that administrative order. Pursuant to statute, Smith filed a complaint on August 17, 2000; however, on October 17, 2000, he voluntarily dismissed it without prejudice.
More than a year later, on January 29, 2002, Continental filed its motion for judgment on the pleadings based on Smith's failure to refile his complaint within the one-year savings period set forth in R.C. 2305.19. On February 12, 2002, the trial court denied Continental's motion, stating that it lacked jurisdiction to do so because Smith had voluntarily dismissed his complaint.
Continental now appeals and raises two assignments of error for our review. They state:
 THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR JUDGMENT ON THE PLEADINGS ON THE BASIS OF LACK OF JURISDICTION.
 THE TRIAL COURT DENIED APPELLANT'S STATUTORY RIGHT TO APPEAL AN ADVERSE ADMINISTRATIVE DECISION OF THE INDUSTRIAL COMMISSION BY REFUSING TO ENTER JUDGMENT FOR DEFENDANT-APPELLANT, AFTER PLAINTIFF-APPELLEE FAILED TO REFILE HIS COMPLAINT WITHIN ONE YEAR OF ITS DISMISSAL.
Continental argues that its notice of appeal vested the trial court with jurisdiction over the underlying workers' compensation action. And, it also maintains that, even though it filed the notice of appeal, Smith had the burden of proof regarding his right to participate in the workers' compensation system; therefore, Continental maintains the court erred in denying its motion for judgment because Smith failed to refile his complaint within the one-year savings period set forth in R.C. 2305.19.
The seminal case in this regard is Kaiser v. Ameritemps, Inc.,84 Ohio St.3d 411, 1999-Ohio-360, 704 N.E.2d 1212, where the court discussed the peculiar nature of the statutory appellate procedure in cases of this distinction and then discussed the effects of an employee delaying the process:
 Turning our attention to the certified issue, R.C. 4123.512 provides a unique process for an appeal to the court of common pleas regarding a claimant's right to participate in the State Insurance Fund. It gives the claimant or the employer the right to appeal a decision of the Industrial Commission to the court of common pleas. However, regardless of whether the claimant or the employer appeals the decision of the Industrial Commission, it is the claimant's responsibility to file a petition showing a cause of action to participate or continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action.
 "Thus, where an employer appeals an unfavorable administrative decision to the court the claimant must, in effect, re-establish his workers' compensation claim to the satisfaction of the common pleas court even though the claimant has previously satisfied a similar burden at the administrative level." Zuljevic v. Midland-Ross Corp. (1980), 62 Ohio St.2d 116, 118, 16 Ohio Op.3d 140, 142, 403 N.E.2d 986, 988.
* * *
 Furthermore, an employee cannot perpetually delay refiling after a voluntary dismissal because the savings statute, R.C. 2305.19, precludes claims refiled beyond a year from the time of the dismissal of the original complaint. Lewis v. Connor (1985), 21 Ohio St.3d 1, 21 Ohio B. Rep. 266, 487 N.E.2d 285; Ross v. Wolf Envelope Co. (Aug. 2, 1990), Cuyahoga App. No. 57015, unreported. If an employee does not refile his complaint within a year's time, he can no longer prove his entitlement to participate in the workers' compensation system. Rice v. Stouffer Foods Corp.(Nov. 6, 1997), Cuyahoga App. No. 72515, unreported. The voluntary dismissal of the claimant's complaint does not affect the employer's notice of appeal, which remains pending until the refiling of claimant's complaint.
The dissenting opinion in Kaiser presented a different view suggesting that an employee claimant could not voluntarily dismiss an employer's appeal and thereby continue to collect benefits which may not be due, without any obligation to refund what was wrongfully paid.
It is well established, however, that, under R.C. 4123.519, the filing of a complaint by a claimant is not jurisdictional; rather, the filing of a notice of appeal is the only act required to perfect the appeal and vest jurisdiction in the court. See, e.g., Singer Sewing Machine Co. v. Puckett (1964), 176 Ohio St. 32, 197 N.E.2d 353, paragraph two of the syllabus. Thus, as we stated in Rice v. Stouffer Foods Corp. (Nov. 6, 1997), Cuyahoga App. No. 72515,:
 It therefore follows that the mere voluntary dismissal of the complaint does not oust the common pleas court of jurisdiction.
 "The claimant's dismissal of her complaint does just that and nothing more. The complaint is dismissed, but it does not dismiss the employer's appeal or divest the common pleas court of jurisdiction." Rhynehardt v. Sears Logistics Serv., supra at 332; see, also, Anderson v. Sonoco Products Co. (1996), 112 Ohio App.3d 305, 309, 678 N.E.2d 631. * * * * * *
 If an employee does not refile his complaint within the year's time, he can no longer prove his entitlement to participate in the workers' compensation system, as is his burden on appeal. Zuljevic, supra at 118. In that instance, the employee's failure to refile his complaint warrants judgment for the employer in the same fashion that a defendant's failure to answer a complaint warrants default judgment for the plaintiff.
 Williams v. E. L. Transport Co. (1991), 81 Ohio App.3d 108, 110, 610 N.E.2d 491 (court entered judgment for employer because claimant's refiled claim which was previously voluntarily dismissed, was filed outside the one year savings statute). Any other conclusion places the employer in an untenable position because the employer remains accountable for all medical expenses and disability benefits arising from the underlying claim until the court orders a disallowance of the claim. See R.C. 4123.512(H). (Emphasis added.)
 Moreover, any other conclusion contravenes public policy and effectively denies the employer due process of law as intended by the General Assembly. R.C. 4123.512
confers a statutory right to the employer to appeal an allowed claim. A court's refusal to enter judgment for the employer upon an employee's failure to refile his action effectively renders the employer's right to appeal a nullity because the employer cannot obtain its desired relief, i.e., a court order denying the employee the right to participate in the system. If the General Assembly intended this result, it would never have granted an employer the right to appeal.
 Consequently, we hold that an employee's failure to refile his complaint within the savings statute operates as a forfeiture of his right to participate in the workers' compensation system.
In conformity with Kaiserand Rice, we conclude that the trial court retained jurisdiction over Continental's notice of appeal, and the court therefore erred in not granting its motion for judgment on the pleadings when Smith failed to refile his complaint within the one-year period described in R.C. 2305.19.
Accordingly, we sustain Continental's assignments of error, reverse the judgment of the trial court, and enter final judgment in favor of Continental Airlines, Inc., on its appeal.
Judgment reversed. Judgment entered for appellant, Continental Airlines, Inc.
This cause is reversed and judgment entered for appellant.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., and COLLEEN CONWAY COONEY, J., CONCUR.