DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment issued by the Lucas County Court of Common Pleas, granting a Civ.R. 41(B)(1) dismissal in favor of the appealing employer in an administrative appeal from an order of the Industrial Commission of Ohio awarding workers' compensation. Because we conclude that the trial court erred in dismissing the appeal, we reverse.
 {¶ 2} Appellant, Luther L. Franklin, Jr., was granted the right to participate in and receive compensation from the Bureau of Workers' Compensation ("BWC") fund for injuries he sustained while working for his employer, appellee, DaimlerChrysler Corporation ("Daimler"). On December 6, 2004, Daimler appealed the order of the Industrial Commission to the Lucas County Court of Common Pleas. On May 3, 2005, Daimler filed a "motion for summary judgment," based upon Franklin's failure to file a petition pursuant to R.C. 4123.512(D).
 {¶ 3} On May 6, 2005, the court filed its BWC scheduling order which set a jury trial date for November 7, 2005, and required motions for summary judgment to be filed by September 7, 2005, expert witnesses used at trial to be disclosed by July 7 and July 21, 2005; discovery to be completed by August 8, 2005; trial briefs with jury instructions and motions in limine to be filed by October 24, 2005; and a list of exhibits to be offered at trial to be provided by October 24, 2005.
 {¶ 4} On June 23, 2005, the trial court granted Daimler's motion for summary judgment. Franklin now appeals from that judgment, arguing the following sole assignment of error:
 {¶ 5} "The trial court erred in dismissing appellant Luther L. Franklin, Jr.'s claim with prejudice and denying Appellant's Rule 60(B) Motion as appellant can demonstrate excusable neglect or other good cause for not having filed his complaint."
 {¶ 6} R.C. 4123.512(D)[1] provides:
 {¶ 7} "The claimant shall, within thirty days after the filing of the notice of appeal, file a petition setting forth the basis for the jurisdiction of the court over the action and setting forth the issues." (Emphasis added.)
 {¶ 8} This statute which, on its face, places a 30 day time frame on the filing of the claimant's petition, has been deemed to be non-jurisdictional. Singer Sewing Mach. Co. v. Puckett
(1964), 176 Ohio St. 32, 36-37 (the "shall" in former R.C.4123.519 is not mandatory; it is procedural). In other words, where the claimant has been awarded workers' compensation by the administrative agency, and the employer appeals, the purpose of requiring a petition by the claimant is to give orderliness to the appellate proceeding. Id. "The court already has full jurisdiction over the action by virtue of the timely filed notice of appeal and consequently would entertain a motion to require the claimant to file his petition if he fails to do so within the 30-day period. Since some claimants, at least, are not represented by counsel, they may be unaware of their obligation to file a petition on appeal. To summarily grant a motion for judgment on the pleadings where the claimant fails to file his petition would be too harsh a consequence for the failure to file a timely petition." Id. Therefore, where an employer appeals from a decision of the Industrial Commission and the claimant fails to timely file a petition as provided by R.C. 4123.512, "it is error for the Court of Common Pleas to summarily overrule claimant's motion for leave to file such petition and to grant the employer's motion for judgment on the pleadings." Singer SewingMach. Co., supra, paragraph three of the syllabus (construing former R.C. 4123.519).
 {¶ 9} Nevertheless, the law does not permit a claimant to disregard with impunity his statutory obligation to file the petition and to timely prosecute his claim under a R.C. 4123.512
appeal. Zuljevic v. Midland-Ross Corp., Unitcast Division
(1980), 62 Ohio St.2d 116. The failure to file a timely petition has been construed as an involuntary dismissal pursuant to Civ.R. 41(B)(1), which provides:
 {¶ 10} "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." (Emphasis added.) Id. at 119. The Civ.R. 41(B)(1) notice requirement provides a plaintiff with an opportunity to "correct the default, or explain why the case should not be dismissed with prejudice."Asres v. Dalton, 10th Dist. No. No. 05AP-632, 2006-Ohio-507, at ¶ 14.
 {¶ 11} In order to dismiss a cause of action for failure to prosecute, the court must give notice of its intention to do so. Id. at 120. Due process and the notice requirement of Civ.R. 41(B)(1) are satisfied "when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." Quonset Hut, Inc. v. Ford MotorCo. (1997), 80 Ohio St.3d 46, 49, citing Logsdon v. Nichols
(1995), 72 Ohio St.3d 124, 129. Thus, the notice requirement of Civ.R. 41 is an absolute prerequisite to dismissal for failure to prosecute. Moore v. Emmanuel Family Training Ctr., Inc. (1985),18 Ohio St.3d 64, 69.
 {¶ 12} In this case, Franklin was apparently not represented by counsel during the underlying administrative proceedings. Therefore, all notices were sent directly to him rather than to "counsel." The notice of appeal sent to Franklin gives no notice to him that he was not only required to file a "petition," but would then be required to re-prove his claim. Thus, we conclude that at the time Franklin received the appeal, he would have had no notice that he was required to do anything or that, without a particular action, the court would consider a dismissal in favor of Daimler.
 {¶ 13} Likewise, although Daimler's "summary judgment" motion essentially sets forth an argument for dismissal, prior to issuing its judgment of dismissal pursuant to Civ.R. 41(B)(1), the trial court failed to send any notice to Franklin of its intent or provide him with an opportunity to explain why the court should not dismiss the case. In fact, the detailed BWC scheduling order, filed by the court three days after the motion for summary judgment was filed, communicated the court's intent to go forward with the appeal and to permit further pleading. There is nothing in the record to indicate that Franklin knew he was required to file something and simply ignored the court or law. Likewise, this is not a case where a layperson received the requisite due process notice, but failed to understand the legal meaning or simply failed to act in spite of understanding the meaning. Not only is there nothing which provided notice of the intent to dismiss, but also, the BWC scheduling order filed by the court would have indicated just the opposite.
 {¶ 14} Therefore, we conclude that, since Franklin was not given proper notice pursuant to Civ.R. 41(B), the trial court's summary dismissal was too harsh a consequence for the failure to file a timely petition. Accordingly, the argument within appellant's assignment of error relating to the court's grant of dismissal in favor of Daimler is well-taken. The argument in the assignment of error pertaining to the failure of the trial court to grant the Civ.R. 60(B) motion is moot.
 {¶ 15} The judgment of the Lucas County Court of Common Pleas is reversed and remanded for proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Singer, P.J., Skow, J. Concur.
Dennis M. Parish, J., Dissents.
[1] Formerly R.C. 4123.519, this statute was amended and renumbered in 1993. The 30 day time frame was the same.