OPINION
{¶ 1} Sue D. Klepinger appeals from the trial court's decision and entry *Page 2 
sustaining a motion for default judgment and for dismissal filed by appellee Alterra Healthcare Corporation.
 {¶ 2} In her sole assignment of error, Klepinger contends the trial court erred in sustaining Alterra's motion based on her failure to comply with R.C. § 4123.512, which establishes a procedure for administrative appeals in workers' compensation cases.
 {¶ 3} The record reflects that Klepinger suffered an injury in the scope of her employment with Alterra. She filed a workers' compensation claim, which was allowed for the condition of a knee sprain. Klepinger later sought to amend the claim to include other knee-related conditions. A workers' compensation district hearing officer granted the request. That decision was affirmed by a staff hearing officer. Alterra appealed the staff hearing officer's ruling to the Industrial Commission, which affirmed the amendment of Klepinger's claim to include an allowance for the additional knee problems.
 {¶ 4} Following the administrative proceedings, Alterra filed a September 27, 2006 notice of appeal with the trial court pursuant to R.C. § 4123.512(A), which provides that either "[t]he claimant or the employer may appeal an order of the industrial commission * * * to the court of common pleas[.]" Under R.C. § 4123.512(D), Klepinger then had thirty days to file a petition containing a statement of facts establishing her right to the workers' compensation benefits at issue.[1] Klepinger did not file the petition, however, until January 17, 2007. The following day, January 18, 2007, Alterra moved for *Page 3 
default judgment under Civ.R. 55 and for dismissal of the action with prejudice under Civ.R. 41(B)(1) for failure to prosecute. The legal basis for the motion was Klepinger's non-compliance with the thirty-day requirement in R.C. § 4123.512(D). Klepinger filed no response to the motion, which the trial court sustained on February 20, 2007.
 {¶ 5} In support of its ruling, the trial court reasoned as follows:
 {¶ 6} "* * * While the filing of a notice of appeal is the only requirement to give this Court jurisdiction, the parties are required to comply with other statutory mandates in the process of the appeal.
 {¶ 7} "In this case, the notice of appeal was filed September 15, 2006 and service was obtained upon Sue D. Klepinger on September 27, 2006.
 {¶ 8} "The mandatory language of Section 4123.512(D) requires her to file her petition within thirty (30) days from the filing of the notice of appeal.
 {¶ 9} "Plaintiff/appellee did file a complaint on January 17, 2007, one (1) day prior to the Defendant/Appellee filing its Request to Dismiss and for Default Judgment.
 {¶ 10} "Almost four (4) months ha[ve] passed since the Plaintiff/Appellee was served and no action taken by her. No request was made by her for leave to file her petition/complaint out of time and no response has been filed by her to the Defendant's Request to Dismiss and for Default Judgment.
 {¶ 11} "Consequently, the Court is of the view that the Plaintiff/Appellee has not complied with the mandatory requirements of Section 4123.512(D) of the Revised Code and, as a result, the Defendant/Appellant Alterra Healthcare Corporation (nka Brookdale Senior Living, Inc.) is entitled to default judgment against Sue D. Klepinger and dismissal of Sue D. Klepinger's claim." *Page 4 
 {¶ 12} On appeal, Klepinger contends she had no notice of Alterra's motion or of the impending dismissal. She argues that this lack of notice deprived her of an opportunity to explain the circumstances of her tardiness and to show cause for it. Klepinger asserts that the trial court abused its discretion in dismissing the action absent prior notice to her. For its part, Alterra insists that copies of its notice of appeal and motion were served on Klepinger's attorney of record. Based on Klepinger's delinquent filing of her petition and failure to respond to the motion, Alterra contends the trial court acted within its discretion in entering a default judgment under Civ.R. 55 and in dismissing the action with prejudice under Civ.R. 41(B)(1) for failure to prosecute.
 {¶ 13} Upon review, we conclude that Civ.R. 55 has no applicability and that the record does not reflect sufficient notice to Klepinger to support dismissal under Civ.R. 41 (B)(1). In Zuljevic v. Midland-RossCorp. (1980), 62 Ohio St.2d 116, a case discussed by both parties, the Ohio Supreme Court addressed the propriety of a trial court entering judgment against a workers' compensation claimant for non-compliance with the thirty-day filing requirement in R.C. § 4123.512(D).[2] With regard to Civ.R. 55, the Zuljevic court expressly rejected the proposition that a trial court may enter default judgment against a claimant who fails to file a timely petition in response to an employer's notice of appeal. The Zuljevic court reasoned that Civ.R. 55 has no applicability in such a case:
 {¶ 14} "Civ.R. 55, the default judgment rule, authorizes a court, in its discretion, to enter judgment in favor of a party seeking affirmative relief when `a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend * *Page 5 
* *.' Civ.R. 55(A). A claimant who has failed to file his complaint within the 30-day period prescribed by R.C. § 4123.519 is arguably in `default' in the generic sense of that word. The claimant is not, however, `a party against whom a judgment for affirmative relief is sought,' and Civ.R. 55 is not an appropriate rule upon which to base entry of judgment against a workers' compensation claimant in a R.C. § 4123.519 appeal. * * *" Zuljevic, 62 Ohio St.2d at 119 n. 2.
 {¶ 15} Based on Zuljevic, we hold that the trial court erred insofar as it relied on Civ.R. 55 to enter default judgment against Klepinger. Although the parties cite several other cases, we also findZuljevic to be dispositive of the trial court's dismissal under Civ.R. 41(B)(1) for failure to prosecute. The Zuljevic court first recognized that a claimant's filing of a timely petition is not a jurisdictional prerequisite. Id. at 118. An employer's filing of a notice of appeal is sufficient to vest a trial court with jurisdiction over a workers' compensation appeal. Id. The Zuljevic court also recognized that a trial court may permit a claimant to file a tardy petition. Id. at 119. On the other hand, the court observed that a claimant may not "disregard with impunity" the statutory obligation to file a petition within thirty days of the employer's notice of appeal. Id. Attempting to strike a proper balance, the court reasoned:
 {¶ 16} "Having failed to comply with the statute, it becomes the claimant's burden to show that his failure is due to excusable neglect or other good cause. Nevertheless, it is an abuse of discretion todismiss R.C. § 4123.519 proceedings on the basis of a claimant's failureto act where he has not been given notice and an opportunity to showcause why the proceedings should not be dismissed and judgment enteredagainst him.
 {¶ 17} "In the case at bar the claimant was not served with a copy ofthe *Page 6 employer's motion seeking dismissal of the R.C. § 4123.519 proceedingsnor did the court sua sponte notify the claimant that his claim would bedismissed absent a showing of good cause. In the absence of such notice, the judgment of the Court of Appeals, reversing and remanding the cause to the Court of Common Pleas, must be affirmed to allow the claimant an opportunity to seek leave of court to file his complaint." Id. at 120 (emphasis added).
 {¶ 18} In Klepinger's case, the record fails to establish that she had notice of Alterra's motion or an opportunity to show cause why the action should not be dismissed. As noted above, Alterra commenced the action in the trial court by filing a notice of appeal on September 15, 2006. The certificate of service indicates that Alterra served the notice of appeal on Bevan Associates, LPA. In its appellate brief, Alterra notes that Bevan Associates served as Klepinger's counsel during administrative proceedings before the Industrial Commission. Nothing in the record indicates, however, that Bevan Associates ever represented Klepinger in these judicial proceedings. Bevan Associates did not enter an appearance on Klepinger's behalf or file anything in this case. In any event, the record reflects that Klepinger personally received a copy of Alterra's complaint. This is evidenced by her signature on a certified mail receipt.
 {¶ 19} Given that Klepinger was served with the notice of appeal, she had thirty days under R.C. § 4123.512(D) to file a petition containing a statement of facts establishing her right to the workers' compensation benefits at issue. As set forth above, Klepinger failed to meet this deadline. The record contains no filings from her until January 17, 2007 when an attorney, Neal May, filed a notice of appearance and a tardy petition on her behalf. The record does not demonstrate any connection between May *Page 7 
and the law firm of Bevan Associates.[3]
 {¶ 20} Because Klepinger had failed to meet the thirty-day filing deadline set forth in R.C. § 4123.512(D), she bore the burden underZuljevic to show that her non-compliance was attributable to excusable neglect or other good cause. The petition filed by attorney May did not address the lateness of the filing. Nor did May seek leave to file the delinquent petition. Although the petition might have been objectionable based on these deficiencies, Zuljevic precluded dismissal of the entire action absent prior notice to Klepinger. As noted above, theZuljevic court stated that "it is an abuse of discretion to dismiss R.C. § 4123.519 proceedings on the basis of a claimant's failure to act where he has not been given notice and an opportunity to show cause why the proceedings should not be dismissed and judgment entered against him." The Zuljevic court then found dismissal improper where the claimant was neither served with a copy of the employer's motion nor notified by the court that dismissal would be forthcoming absent a showing of good cause. Id.
 {¶ 21} Alterra argues that Zuljevic is distinguishable because Klepinger's "counsel of record" was served with a copy of its motion and failed to respond. The evidence does not support this claim. May is the only attorney who entered an appearance on Klepinger's behalf in the judicial proceedings below. He did so on January 17, 2007. One day later on January 18, 2007 Alterra filed its motion to dismiss and for default judgment. The certificate of service reflects that Alterra served its motion *Page 8 
on Bevan Associates. But nothing in the record establishes that Bevan Associates ever served as Klepinger's counsel of record in the judicial proceedings. Moreover, attorney May entered his appearance on her behalf on January 17, 2007. As of that date, he was her counsel of record. We see no evidence establishing any link between May and the law firm of Bevan Associates. Therefore, based on the evidence before us, we cannot find that Alterra's service of its motion on Bevan 
Associates constituted service on Klepinger.
 {¶ 22} Klepinger's failure to respond to the motion might stem from the fact that Alterra served the motion on Bevan Associates rather than May[4]. Although Alterra reasons that Bevan Associates should have forwarded the motion to May, nothing in the record indicates that the law firm did so. Additionally, if Bevan Associates did not forward the motion to May, it would be improper to penalize Klepinger by dismissing the action without the notice required by Zuljevic.
 {¶ 23} Finally, we reject Alterra's argument that, regardless of the notice issue, the trial court's judgment should be affirmed because Klepinger has not established good cause for her failure to file a timely petition. The proper place and time for a claimant to show good cause is in the trial court in response to the type of notice required by Zuljevic. Indeed, the very purpose of the notice requirement is to give a claimant "an opportunity to show cause why the proceedings should not be dismissed and judgment entered against him." Zuljevic,62 Ohio St.2d at 120. *Page 9 
 {¶ 24} Having found no evidence that Klepinger received the notice required by Zuljevic before a trial court may dismiss a workers' compensation action with prejudice under Civ.R. 41(B)(1), we sustain her assignment of error.
 {¶ 25} The trial court's judgment is reversed, and the cause is remanded for further proceedings. On remand, the trial court remains free to require Klepinger to obtain leave and to show excusable neglect or good cause for her untimely filing. For present purposes, we hold only that the trial court erred in dismissing the action where the record does not reflect proper notice to her.
 {¶ 26} Judgment reversed and cause remanded.
WOLFF, P.J., and GRADY, J., concur.
[1] Although Klepinger prevailed in administrative proceedings before the Industrial Commission and Alterra filed the notice of appeal, "[i]n the R.C. 4123.512 appeal process the obligation to file the petition falls squarely on the employee-claimant." Fowee v. Wesley Hall,Inc., 108 Ohio St.3d 533, 537, 2006-Ohio-1712.
[2] When Zuljevic was decided, the thirty-day requirement was found in R.C. § 4123.519. The same requirement now is found in R.C. §4123.512(D).
[3] In its brief on appeal, Alterra contends Bevan Associates "outsourced" this case to attorney May. See Appellee's brief at 2. But the record contains no evidence establishing any type of relationship between the law firm and May.
[4] The Civil Rules require that motions filed after the original complaint be served upon the "attorney of record in the proceedings." May was attorney of record in the proceedings in the common pleas court. *Page 1