WILKERSON, Appellant,

v.

INTERNATIONAL TRUCK & ENGINE CORP. et al., Appellees.

[Cite as *Wilkerson v. Internatl. Truck & Engine Corp.*, 181 Ohio App.3d 303, 2009-Ohio-887.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 08–CA–15.

Decided Feb. 27, 2009.

Marinakis Law Office, Angela D. Marinakis, and Eric R. McLoughlin, for appellant.

Kegler, Brown, Hill & Ritter Co., L.P.A., Randall W. Mikes, and Natalie M. McLaughlin, for appellee International Truck & Engine Corporation.

Richard Cordray, Attorney General, and Sandra Pinkerton, Assistant Attorney General, for appellee William E. Mabe, Administrator, Bureau of Workers' Compensation.

BROGAN, Judge.

{¶ 1} Charm Wilkerson appeals from the judgment of the Clark County Common Pleas Court granting judgment to appellee, International Truck & Engine Corporation, for Wilkerson's failure to prosecute pursuant to the provisions of R.C. 4123.512(D).

{¶ 2} On April 9, 2007, appellant was served with International's notice of appeal from the decision of the Industrial Commission of Ohio additionally allowing appellant's workers' compensation claim for "aggravation of pre-existing arthritis, basilar joint, left thumb." Pursuant to R.C. 4123.512(D), appellant was required to file a petition within 30 days of service of International's notice of appeal. On December 14, 2007, over eight months after being served with the summons and notice of appeal, appellant filed a motion for leave to file her complaint instanter. On that same date, International filed its motion to show cause and/or for judgment. Pursuant to Civ.R. 41(B)(2) and (3), International asserted that absent a showing by appellant of excusable neglect or other good cause, this matter should be dismissed and judgment rendered finding appellant not entitled to participate in the benefits of the workers' compensation laws of Ohio for this additional condition.

{¶ 3} On December 28, 2007, appellant's counsel filed a memorandum contra International's motion for judgment. In the memorandum, counsel pointed out that Ms. Wilkerson was unrepresented in the underlying administrative proceed-

ings and because of that, she was not served with International's notice of appeal until April 9, 2007. Counsel stated that she had recently been referred Ms. Wilkerson's case on December 5, 2007, by attorney James P. Monast, who had been retained as counsel by Ms. Wilkerson on the same date. She stated she immediately contacted International's counsel to advise him she would be filing a motion for leave to file Ms. Wilkerson's complaint instanter, and she did file the motion and the tendered complaint on December 14, 2007.

{¶ 4} In a single assignment of error, Ms. Wilkerson argues that the trial court abused its discretion in summarily overruling her motion for leave to file her petition and in summarily sustaining International's motion for judgment. In support of her assignment, she refers us to the Ohio Supreme Court's holding in *Singer Sewing Machine Co. v. Puckett* (1964), 176 Ohio St. 32, 26 O.O.2d 303, 197 N.E.2d 353, in which the court held:

{¶ 5} "Where an employer perfects an appeal from the decision of the Industrial Commission and the claimant fails to timely file a petition as provided by Section 4123.519, Revised Code [now R.C. 4123.512], it is error for the Court of Common Pleas to summarily overrule claimant's motion for leave to file such petition and to grant the employer's motion for judgment on the pleadings." Id. at paragraph three of the syllabus. The court stated that "[s]ince some claimants, at least, are not represented by counsel, they may be unaware of their obligation to file a petition on appeal. To summarily grant a motion for judgment on the pleadings where the claimant fails to file his petition would be too harsh a consequence for the failure to file a timely petition." Id. at 37, 26 O.O.2d 303, 197 N.E.2d 353. The court also held that the filing of a petition is not jurisdictional and that the purpose of R.C. 4123.512(D) is to give orderliness to the proceedings. Id. at paragraph one of the syllabus.

{¶ 6} The Supreme Court revisited this issue in *Zuljevic v. Midland–Ross Corp.* (1980), 62 Ohio St.2d 116, 16 O.O.3d 140, 403 N.E.2d 986. There, the court held that when a plaintiff-claimant fails to file her complaint within the 30–day statutory time limit, it becomes the plaintiff-claimant's "burden to show that his failure is due to excusable neglect or other good cause." Id. at 120, 16 O.O.3d 140, 403 N.E.2d 986. The court further held that "it is an abuse of discretion to dismiss R.C. 4123.519 [now R.C. 4123.512] proceedings on the basis of a claimant's failure to act where he has not been given notice and an opportunity to show cause why the proceedings should not be dismissed and judgment entered against him." Id. Upon the showing of excusable neglect or good cause, a court may permit a plaintiff-claimant to file her complaint after the 30–day statutory time limit. *Thompson v. Reibel* (1964), 176 Ohio St. 258, 260, 27 O.O.2d 159, 199 N.E.2d 117.

{¶ 7} Justice Sweeney noted on behalf of the court in *Zuljevic* : "In the case at bar the claimant was not served with a copy of the employer's motion seeking dismissal of the R.C. 4123.519 proceedings nor did the court *sua sponte* notify the claimant that his claim would be dismissed absent a showing of good cause. In the absence of such notice, the judgment of the Court of Appeals, reversing and remanding the cause to the Court of Common Pleas, must be affirmed to allow the claimant an opportunity to seek leave of court to file his complaint." *Zuljevic,* 62 Ohio St.2d at 120, 16 O.O.3d 140, 403 N.E.2d 986.

{¶ 8} We agree with the appellee that the trial court did not, in the due process sense, summarily overrule Ms. Wilkerson's motion for leave to file her complaint instanter. Ms. Wilkerson was served with a copy of the employer's motion seeking dismissal, and only after she responded with her memorandum in opposition did the trial court grant the employer's motion for judgment of dismissal.

{¶ 9} Ms. Wilkerson also contended, however, in the text of her brief that the trial court abused its discretion in granting the appellee's motion because she was unrepresented after prevailing on her workers' compensation claim and the notice of appeal filed by her employer did not provide her notice that she was now required to file a petition and be required to reprove her claim. In support of this argument, Ms. Wilkerson cites the recent case of *Franklin v. DaimlerChrysler Corp.*, Lucas App. No. L–05–1244, 2006-Ohio-5620, 2006 WL 3041128. In that case, the Sixth District Court of Appeals reversed a trial court's order that granted summary judgment in favor of a defendant-employer when it found that the claimant did not have notice of the impending dismissal. Id. at ¶ 14–15. There, Mr. Franklin, like Ms. Wilkerson, was unrepresented by counsel in the underlying administrative proceedings and was therefore unaware of his statutory obligation to file a complaint after being served with the defendant-employer's notice of appeal. Id. at ¶ 12. The court noted that the defendant-employer's notice of appeal gave no notice that the claimant "was not only required to file a 'petition,' but would then be required to re-prove his claim." Id. The court concluded that the notice of appeal was insufficient to put the claimant on "notice that he was required to do anything or that, without particular action, the court would consider a dismissal in favor of the [defendant-employer]." Id. This, coupled with the fact that the court issued a scheduling order that did not give Mr. Franklin notice of the court's intent to dismiss, led the Sixth District to reverse the judgment in favor of the defendant-employer. Id. at ¶ 13–15.

{¶ 10} We believe that the *Franklin* case is well reasoned. Here, Ms. Wilkerson prevailed in the administrative proceedings below. She could reasonably believe that since the employer appealed the administrative determination, the employer would be required to proceed first in the proceedings in the

Common Pleas Court with some sort of pleading in addition to its notice of appeal. We agree that the trial court abused its discretion in overruling Ms. Wilkerson's motion for leave to file her petition instanter. The assignment of error is sustained.

{¶ 11} The judgment of the trial court is reversed, and the cause is remanded for further proceedings.

Judgment reversed
and cause remanded.

FAIN and FROELICH, JJ., concur.