[Cite as *Smith v. SOCI Petroleum, Inc.*, 2017-Ohio-7224.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| BRIAN D. SMITH, | : | APPEAL NO. C-160477 |
| | | TRIAL NO. A-1504181 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | : | |
| SOCI PETROLEUM, INC., | : | |
| and | : | |
| SARAH D. MORRISON, ADMINISTRATOR OF THE OHIO BUREAU OF WORKERS' COMPENSATION, | : | |
| | : | |
| Defendants-Appellees. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  August 16, 2017

*Nager, Romaine & Schneiberg Co. L.P.A.*, *Jerald A. Schneiberg, Jennifer L. Lawther* and *Daniel A. Kirschner*, for Plaintiff-Appellant,

*Beirne & Wirthlin Co. L.P.A.* and *James A. Grant*, for Defendant-Appellee Soci Petroleum, Inc.,

*Michael DeWine*, Ohio Attorney General, and *Barbara L. Barber*, Assistant Attorney General, for Defendant-Appellee Administrator, Ohio Bureau of Workers' Compensation.

**MILLER, Judge.**

{¶1}    Plaintiff-appellant Brian Smith filed a workers' compensation claim after sustaining injuries when he fell getting out of a truck while an employee of Soci Petroleum, Inc., ("Soci").  Smith claims that the trial court erred when it dismissed his claim because he failed to file a statutorily required petition.  We affirm the trial court's judgment.

{¶2}    After appealing to the Industrial Commission, Smith's workers' compensation claim was allowed for several injuries.  Soci appealed the Industrial Commission's decision to the trial court pursuant to R.C. 4123.512.    Once a notice of appeal is filed with the court of common pleas, the claimant has an affirmative duty to file a petition containing a statement of facts demonstrating a claim to participate in the workers' compensation fund within 30 days.  R.C. 4123.512(D).  The claimant then bears the burden of demonstrating his right to participate in the worker's compensation fund by a preponderance of the evidence regardless of any Industrial Commission decision. *Bennett v. Admr., Ohio Bur. of Workers' Comp.*, 134 Ohio St.3d 329, 2012-Ohio-5639, 982 N.E.2d 666, ¶ 17.

{¶3}    Soci served Smith with its notice of appeal by certified mail in August 2015 and regular mail in December 2015.   He failed to file his petition at any time.[1]  A trial court may permit a claimant to file out of time.  *Singer Sewing Machine Co. v. Puckett*, 176 Ohio St. 32, 36-37, 197 N.E.2d 353 (1964).  "The law does not, however, permit a claimant to disregard with impunity his statutory obligation to timely prosecute his [workers' compensation] claim."  *Zuljevic v. Midland-Ross Corp.*, 62 Ohio St.2d 116,

---

[1] We note that in a motion for reconsideration Smith argues that he never received the notice of appeal and that the signature on the certified mail was not his.  The record does not reflect whether the trial court has decided Smith's motion, and that motion is not the subject of this appeal.

119, 403 N.E.2d 986 (1980). In *Zuljevic*, the Ohio Supreme Court applied Civ.R. 41(B)(1) where the claimant had failed to timely file his petition under R.C. 4123.512(D). *Id.* When Soci filed its motion to dismiss, Smith had not made an appearance, nor had he requested leave of court to file his petition out of time. The record indicates that Smith received the notice of appeal to the trial court, Soci's motion to dismiss, and notices of case management conferences and the motion-to-dismiss hearing. Whether to dismiss a case for lack of prosecution is within the sound discretion of the trial court. *Pembaur v. Leis*, 1 Ohio St.3d 89, 90, 437 N.E.2d 1199 (1982); *see* Civ.R. 41(B)(1). Where the properly served claimant has failed to appear, failed to oppose the motion to dismiss, and failed to attend any motion hearing or case management conference, dismissal is not an abuse of discretion.

{¶4} Smith argues the trial court erred because it did not sua sponte notify him that his claim would be dismissed absent a showing of good cause. Civil Rule 41(B)(1) provides that the court may dismiss an action or claim if the plaintiff fails to prosecute his claim "after notice to the plaintiff's counsel." Smith did not have counsel during the pendency of this case in the common pleas court, but Soci served its motion to dismiss on Smith via regular mail on February 16, 2016. *See Perotti v. Ferguson*, 7 Ohio St.3d 1, 3, 454 N.E.2d 951 (1983) (finding that the dismissal notice required by Civ.R. 41(B)(1) must be sent to a pro se party directly). That motion explained that Smith had a statutory obligation to file his petition within 30 days of the employer's notice of appeal to the common pleas court, the trial court has discretion to dismiss a claimant's action when that claimant fails to comply with that 30-day requirement, and the trial court may dismiss an action under Civ.R. 41(B)(1) if a plaintiff fails to prosecute a case. Soci's motion to dismiss was sufficient to put Smith on notice that the case could be dismissed if he did not file his petition. *See Sazima v. Chalko*, 86 Ohio

3

St.3d 151, 156, 712 N.E.2d 729 (1999). Accordingly, the court was under no obligation to further notify Smith that his claim could be dismissed.

{¶5}     Smith invites us to compel the Bureau of Workers' Compensation to file the petition on behalf of a claimant where the claimant fails to comply with this affirmative duty. No such requirement exists, and we will not create one. Because Smith had not appeared or participated in the case in any way, the trial court did not abuse its discretion when it dismissed his claim. *See* R.C. 4123.512; Civ.R. 41(B)(1); *Zuljevic* at 120. We overrule the assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**CUNNINGHAM, P.J.,** and **MYERS, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.